MARENUS P. STULL *et al.*

*v.*

CHARLES H. HANCE.

1. CONTRACT—*construction.* In construing contracts and written agreements, the whole context should be considered, and the intention of the parties ascertained from it, and not from extrinsic evidence.

2. SAME—*whether joint contractor or surety.* Where a contract for the building of a house described A as principal, and B and C as sureties, who were not again named in the instrument, and in fixing the terms and conditions, reference was made to the party of the first part, and to the party of the second part, without naming the persons; and in referring to the party of the first part, the singular pronouns "he" and "him" were used, and the principal signed first with the other two under his name at the usual place, and the word "contractors" was written opposite their names: *Held,* that A was the contractor, and that B and C were only sureties; and that the word "contractors," after their names, should not control the manifest intention of the parties appearing in the body of the contract.

3. Had the word "as" not been employed, there might have been some plausibility in urging that the word "sureties" was only descriptive of the

person.   But when the parties are described " as sureties," this renders their character of sureties clear beyond doubt.

4. CONTRACT OF SURETY—*strictly construed.*   The contract of a surety is strictly construed, and his liability is never extended beyond the terms of his agreement, or at least its manifest purport.   In case of doubt, the doubt is generally, if not universally, solved in his favor.

5. Where A undertook to build a school house, and entered into a written agreement therefor to the school directors, with B and C as sureties for his performance, and A employed the plaintiff to assist him in the work, B and C having nothing whatever to do in the hiring or prosecution of the work, and after the completion of the work, plaintiff settled with A, when there was found to be due the plaintiff $59.50 for work, and $25 for money loaned to pay other hands employed on the work: *Held,* that B and C were not liable to the plaintiff for the sums found to be due him, as they were not joint contractors with A.

6. EVIDENCE.   In such case it was error to refuse to permit B to testify that he and C had nothing to do with the hiring of the plaintiff or any other workmen on the house, and that they did not authorize A to employ plaintiff or any other person, and that they had no interest in the contract except as sureties for A.   While such proof was perhaps not necessary, yet it was proper as tending to show they were not liable.

APPEAL from the Circuit Court of McHenry County; the Hon. THEODORE D. MURPHY, Judge, presiding.

The opinion of the Court contains a sufficient statement of the case.

Messrs. JOSLYN & SLAVIN, for the appellants.

Mr. A. B. COON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit originally brought by appellee before a justice of the peace against appellants, to recover for money loaned and work and labor performed.   A trial was had before the justice, resulting in a judgment against appellants, whereupon they removed the case to the circuit court, where a trial was had with a similar result; and the record is brought to this court on appeal and a reversal asked on several grounds.

The testimony shows that appellee was employed by Marenus

P. Stull to work as a carpenter in the erection of a school house on the first of August, 1868, and he worked until July, 1869. He testifies that, being fearful that Stull, by whom he was employed, would not pay him, he quit work on the first of April, 1869, and informed one of the school directors of the fact, who told him to go on and work as before, and get all the pay he could and the district would pay the balance. He went to work, as before, under Stull, who superintended the work. After it was completed he had a settlement with Stull, and he testi- fies there was due him for work $59.50, and $25 for money loaned Stull with which to pay the hands at work on the school house. He also testifies that he looked alone to M. P. Stull for payment, who had employed him, until he quit and went again to work; that the other appellants had nothing whatever to do with hiring him, nor did he look to them for payment, as he did not know they had any thing to do with building the house; that he then knew that they were respons- ible. On this evidence, alone, no one would suppose that they were liable.

But it is sought to charge them by reason of an agreement entered into by M. P. Stull to erect the school house, and which they executed with him. The agreement describes M. P. Stull as principal and the others as sureties, and they are no more named in the body of the contract. In fixing the terms and conditions of the agreement, the instrument refers to the party of the first part and to the party of the second part, without naming the persons. But it is manifest that the parties only intended to treat M. P. Stull as the contractor, because they in several places in the agreement refer to the party of the first part, and in doing so use the singular pronouns "he" and "him." The contract by its terms treats M. P. Stull, in clear and un- mistakable terms, as the contractor, and has no reference to the other appellants except as sureties. Again, they are de- scribed as sureties. This designates their relation to the con- tract in clear and unmistakable terms. It renders their char- acter of sureties clear beyond doubt. Had the word "as" not been employed, then there might have been some plausibility

in urging that the word surety was only descriptive of the person. But to so hold would be to do violence to the language employed. But it is urged that the manner in which they signed the agreement has fixed their character to be that of joint and several contractors. The names are signed at the usual place and each under another, but there is drawn to the right hand of the signatures a vertical line and the word "contractors" is written to the right of it.

In construing contracts and written agreements, the whole context should be considered, and the intention of the parties ascertained from it, and not from extrinsic evidence. When thus considered, it is manifest from this agreement that appellants only intended to become guarantors for the performance of the contract by their principal, who was evidently the contractor.

The mere fact that the word "contractors" was written opposite their names should not control the manifest intention of the parties which appears from the body of the instrument. But even admit they were contractors, what was the contract? M. P. Stull contracted with the directors that he would erect the house, and the other appellants contracted with them that he should, and, failing to do so, they would make good the damages the directors might sustain. To this and only this extent did they contract, and for that purpose and in that sense were they contractors, and not that they would build the house jointly with M. P. Stull, or severally, independently of his action.

Again, the contract of a surety is strictly construed, and his liability is never extended beyond the terms of his agreement, or, at least, its manifest purport. In case of doubt, the doubt is generally, if not universally, solved in his favor; and in this case, neither by the terms or purport of this agreement, are the appellants contractors for building the house, as partners or joint undertakers for its construction, but they are simply collateral contractors for the performance of the agreement of their principal.

In this view of the case, it was proper that Leffler Stull

should have been permitted to testify that he and his co-appellant had nothing to do with hiring appellee, or any other workman, on the house, and that they nor either of them authorized M. P. Stull to employ appellee or any other person, or that they had any interest in the contract beyond their liability as suréties. They had a right to prove that they had no interest in the contract entered into independent of the agreement. It may be that such evidence was not absolutely necessary, but it tended to prove that they were not in anywise liable, and hence was pertinent to the issue, and it should have been admitted.

From what has been said, it is apparent that appellee's instruction was erroneous. It informed the jury that appellants, as a matter of law, by the terms of the contract, were joint builders and contractors. This, we have seen, is not the true construction of the agreement. For the errors indicated the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*