## DAVID McWILLIAMS *et al.*

### *v.*

### RICHARD P. MORGAN, JR.

1. MEASURE OF DAMAGES—*in action on appeal bond.* Where the condition of an appeal bond, given on appeal from an order dissolving an injunction restraining the use, etc., of certain real estate, does not so provide, the rental value of the premises pending the appeal can not be recovered in an action on the bond.

2. If the condition of the bond had been to pay all damages, without restricting them to those for which judgment is rendered, or may be rendered, it might be shown that the rents were fairly within the meaning of the language used, and they might be recovered in a suit on the bond.

3. APPEAL BOND—*conditions may be required by the court allowing appeal.* Under the statute of 1865, relating to appeals, the court, in allowing an appeal from an order dissolving an injunction restraining a party from the use of real estate, may properly require the appeal bond to have a condition for the payment of the rental value of the land, as well as costs and expenses of the suit, in case of an affirmance.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of debt, by Richard P. Morgan, Jr., against David McWilliams and James H. Hagerty, upon an appeal bond. The opinion of the court contains a sufficient statement of the case.

Mr. L. E. PAYSON, for the appellants.

Mr. H. GARDNER, Jr., and Messrs. H. & J. D. SPENCER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We deem it necessary to notice but a single point in this case: Appellants sued out a temporary injunction against appellee, enjoining him from using, etc., certain real estate. The court below, upon hearing, rendered a decree dissolving the injunction, and from this decree appellants appealed to this court, and for that purpose executed the bond upon which this suit is brought. The decree of the court below was here affirmed, but no order or judgment was rendered against appellants, except that of affirmance and the payment of costs.

Upon the trial of the present case in the court below, evidence was given and judgment rendered, against appellants' objections, for the rental value of the real estate, the use of which was enjoined, pending the appeal. This, we think, was erroneous.

The statute in force when the bond was executed is as follows: "Appeals shall be allowed to the Supreme Court from all decrees, judgments and orders of inferior courts from which writs of error might be lawfully prosecuted; and in granting appeals, inferior courts shall direct the condition of appeal bonds, with reference to the character of the decree, judgment or order appealed from." Laws of 1865, sec. 3. That it would, under this statute, have been competent for

the court below, in allowing the appeal, to have required that the bond should be given to secure the rental value of the real estate, as well as the costs and expenses of the suit, is clear; but it is equally clear that this was not done. The condition of the bond is:

" Now, if said McWilliams and Hagerty shall duly prosecute said appeal, and shall pay the amount of said judgment, costs, interest and damages rendered, and to be rendered, against them, in case said decree shall be affirmed in said Supreme Court, then this obligation to be void," etc.

No judgment was rendered, either in the circuit court or in this court, that the appellee recover, as a part of his damages, the rental value of the real estate ; and, unless such damages were so "rendered or to be rendered against them" in case the decree was affirmed, the obligors of the bond are not bound for their payment. Had the condition been that the obligors should pay "all damages," without restricting or qualifying the words, as was done, it might be that it could have been shown that the rents were fairly within the meaning of the language used, and that appellee could, consequently, recover therefor in a suit on the bond. It is, however, unnecessary to speculate upon the subject. The court below had ample power to require the condition of the bond to be in such form as, in its judgment, would subserve the interests of all the parties with reference to the subject and character of the pending litigation; and, whether it was thought that the injunction bond already executed would sufficiently protect the rights of the appellees, or that the condition of the property was such that no loss could result from the temporary deprivation of its use incurred by the appeal, is immaterial. We have to deal only with the bond as it is; and we think its terms are not broad enough to authorize a recovery for the rental value of the property enjoined, as was held by the court below.

The judgment must therefore be reversed, and the cause remanded.                                    *Judgment reversed.*