JAMES MIX *et al.*

*v.*

WILLIAM F. SINGLETON *et al.*

1. APPEAL BOND — *on injunction suit — measure of damages.* Where no damages are awarded on the dissolution of an injunction and dismissal of the bill, and the complainant appeals to this court, no damages other than nominal can be recovered, either on the appeal or injunction bond, for any damages sustained by the wrongful suing out of the injunction, prior to the date of the decree appealed from.

2. SAME — *condition construed.* On appeal from an order dissolving an injunction and dismissing the bill, the appeal bond was conditioned that the obligors should duly prosecute their appeal, and should "pay said judgment, costs, interest, and all damages caused by wrongfully suing out said injunction, in case the judgment and decree should be affirmed." It was *held*, that the words "*all damages caused* by wrongfully suing out said injunction" embraced only such damages as had been caused prior to the giving of the bond — not such as were caused by reason of the injunction being kept in force by the appeal.

3. SURETY — *liability of, can not be enlarged.* The measure of the liability of sureties is fixed by the terms of the instrument they sign, and such undertaking can not be enlarged or varied by judicial construction. Their undertaking will be construed as the words used are ordinarily understood.

APPEAL from the Circuit Court of Kankakee County; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

This suit was commenced on an appeal bond given by defendants to plaintiffs in the penal sum of $6,000, with a condition written thereunder in which it is recited plaintiffs had recovered a judgment or decree against the principals in the bond, in a proceeding or bill in chancery for an injunction, by which such injunction was dissolved and bill dismissed, and also judgment for costs, from which they took an appeal to the Supreme Court; and it was then provided if the principals named " should prosecute their appeal with effect and should pay said judgment, costs, interests, and all damages caused by wrongfully suing out said injunction in case said judgment and decree shall be affirmed," the bond should become void, etc. The decree

appealed from was affirmed in the Supreme Court, and the breaches assigned upon the bond are:

1. The non-payment of the judgment for costs in the Supreme Court,— but a *nolle prosequi* was entered as to this breach.

2. Plaintiffs had been put to great expense in defending against " said bill of complaint and injunction suit " in the Supreme Court, viz., in the sum of $500, which sum, it is averred, is due and wholly unpaid.

3. That defendants kept the injunction in force by their appeal, and that plaintiffs were put to great expenses in printing and preparing a brief in the cause in the Supreme Court, viz., $100, which it is averred is due and wholly unpaid.

4. That defendants kept the injunction in force by their appeal, and that, at the time of suing out the appeal, plaintiffs were interested, as owners or otherwise, in a certain mill-dam and water-power, of the value of $100,000, and that they were receiving large incomes therefrom, viz., $1,000 per annum, and that by reason of the injunction they lost the use and rent of such mill-dam and property during all the time the suit was being prosecuted, and that the property was greatly damaged by exposure to the elements and by not being used, whereby plaintiffs sustained, as they aver, damages in the sum of $5,000 by the wrongful suing out of such injunction.

5. That defendants, by their appeal and bond, and order of court in the premises, kept the injunction in force, and that they suffered damages in the sum of $3,000 by reason of the wrongfully suing out of the injunction and keeping it in force.

A demurrer was sustained to the several breaches assigned in the declaration, and that decision raises all the questions made on plaintiffs' appeal.

Mr. Stephen R. Moore, for the appellants.

Mr. B. S. MORRIS, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It does not appear any damages were awarded plaintiffs on the dissolution of the injunction in the circuit court, and because of that omission, it is apprehended, no damages other than nominal can be recovered, either on this bond or the original injunction bond, for any damages plaintiffs may have suffered by reason of the wrongful suing out of the injunction, prior to the date of the decree appealed from. The case of *Mix* v. *Vail et al.*, at present term, is conclusive as to this view of the law.

But the declaration in this case is not framed with a view to recover such damages. Only such damages as plaintiffs may have sustained after the appeal was taken, by reason of the injunction being kept in force, are involved in the action, and it is as to such damages the breaches are assigned. That brings us to consider whether the bond declared on contains any covenant that will embrace such damages as plaintiffs allege they have sustained by reason of the injunction being kept in force by defendants' appeal.

Breaches are assigned upon that clause of the bond which provides that defendants " shall duly prosecute their appeal, and shall pay said judgment, costs, interest, and all damages caused by wrongfully suing out said injunction, in case said judgment and decree shall be affirmed." No breach was assigned that defendants did not pay the " judgment, costs, interest," rendered against them. Aside from that clause which obligated defendants to " duly prosecute their appeal," the only other condition the bond contains is that defendants shall pay " all damages *caused* by wrongfully suing out said injunction." The question arises, What damages are embraced in that condition of the bond? Construing the words used as they are ordinarily understood, it seems plain such damages as had been " caused " by the

wrongful suing out of the injunction were all that were within the condition of the bond. No condition of the bond obligated defendants to pay such damages as plaintiffs might sustain by reason of the injunction being kept in force by their appeal. Any construction that would make defendants responsible for such damages as might thereafter be sustained would be to enlarge the undertaking of the sureties on the bond beyond anything expressed in the bond itself. The measure of the liability of sureties is fixed by the terms of the instrument they may sign, and we do not understand such undertaking can be enlarged or varied by judicial construction. That would impose upon a mere surety obligations he had never assumed, and perhaps would have been unwilling to take upon himself.

Had this bond been conditioned that defendants should pay such damages as plaintiffs might sustain by wrongfully keeping the injunction in force by the appeal, then the breaches assigned would be more appropriate, and it would become necessary to consider other questions raised; but, as this construction of the condition of the bond is conclusive of the whole case, it will not be necessary to notice other points made in the defense.

The demurrer was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*