# CASES

# APPELLATE COURTS OF ILLINOIS.

---

FOURTH DISTRICT—JULY TERM, 1879.

---

## STEPHEN BARDILL ET AL.

### v.

## THE TRUSTEES OF SCHOOLS, etc.

· 1. SUIT ON BOND—BREACHES—MISJOINDER OF CAUSES OF ACTION.—In a suit on a bond each breach assigned is to be regarded as a separate count or declaration. And where the action is by several, all the causes of action must be stated to be joint, or there will be a misjoinder. So, where in two counts of the declaration there were assignments for damages alleged to have been sustained by all the plaintiffs; in others for damages sustained by them in an official capacity, and in others of damages sustained by a part only of the plaintiffs, there was a misjoinder of causes of action, and the declaration would be bad on general demurrer, or in arrest of judgment.

2. STATUTE OF JOINT OBLIGATIONS.—The statute providing that all joint obligations and covenants shall be taken and held to be joint and several, has reference to obligors or covenantors, and was not intended to vest in one obligee or covenantee a right of action belonging to two or more. Even were it otherwise, it would not cure a misjoinder of counts in the same declaration.

3. RULE.—Whenever the interest of the covenantees is joint, although the covenant be in terms joint and several, the action follows the nature of the interest, and must be brought in the name of all the covenantees; but where the legal interest and cause of action is several, they may maintain separate actions, though the language of the covenant be joint.

4. CONDITION IN BOND—DAMAGES.—A bond on appeal, conditioned to "pay the amount of said judgment, costs, interest and damages rendered

(94)

and to be rendered" in case judgment is affirmed, etc., and "all such damages as said defendants may sustain by reason of the wrongful suing out of said injunction," etc., will be considered as an additional injunction bond, further securing the damages sustained prior to its date.

ERROR to the Circuit Court of Madison county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 1, 1879.

Messrs. IRWIN & SPRINGER, for plaintiffs in error; as to misjoinder, cited Rawle on Covenants, 596.

Upon the question of prior damages: Mix v. Singleton, 86 Ill. 195.

Messrs. METCALF & BRADSHAW, for defendants in error; that the action was properly brought, cited McWilliams v. Morgan, 70 Ill. 62; Rev. Stat. 1874, 494.

Each assignment of breaches is a declaration, and must be pleaded to, but there being an entire verdict on several counts, it will not be set aside because one count may be bad: Burroughs v. Clancy, 53 Ill. 30; Safford v. Miller, 59 Ill. 205; Rev. Stat. 1877, 741; Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill. 466; Snyder v. Gaither, 3 Scam. 91.

BAKER, P. J. This was debt on an appeal bond. Issues were joined and a trial had before the judge and jury in the Madison Circuit Court. There was a verdict and judgment for $700 debt, and for $450 damages; motions for a new trial and in arrest of judgment were overruled, and exceptions were taken. The record is brought to this court by the plaintiffs in error, who were the defendants below.

The condition of the bond sued on is as follows:

"The condition of the above obligation is such, that whereas, the said trustees of schools of township four, range five, and trustees of schools of township five, range five aforesaid, and George Hotz, John Leduc and John Willman, did, on the thirteenth day of November, one thousand eight hundred and seventy-seven, at a term of the Madison Circuit Court, then being holden within and for the county of Madison, and State

of Illinois, obtain a judgment against the above bounden Stephen Bardill and Henry Helbing, dismissing the bill and and injunction filed in the Circuit Court of said county, at the October term, A. D. 1877, thereof by said Stephen Bardill and Helbing, and for costs of suit, and that in case of perfection of appeal said injunction be continued, from which judgment the said Stephen Bardill and Henry Helbing, have prayed for and obtained an appeal to the Appellate Court of said State."

"Now, if the said Stephen Bardill and Henry Helbing shall duly prosecute said appeal, and shall, moreover, pay the amount of said judgment, costs, interest and damages rendered, and to be rendered, against them, the said Stephen Bardill and Henry Helbing, in case the said judgment shall be affirmed in the Appellate Court, and all such damages as said defendants may sustain by reason of the wrongful suing out of said writ of injunction, then the above obligation shall be null and void, otherwise to remain in full force and virtue."

There are seven assignments of breach; the first, second and seventh assignments, are for damages alleged to have been sustained by all the plaintiffs; the third and fifth are for damages alleged to have been sustained by Hotz, Leduc and Willman; and the fourth and sixth are for damages alleged to have been sustained by Hotz, Leduc and Willman, as school directors. Each breach is to be regarded as a separate count or declaration; Hibbard v. McKindley, 28 Ill. 240; Burroughs v. Clancy, 53 Ill. 30. In an action by several persons, all the causes of action must be stated to be joint; and a cause of action that has accrued to one or more, but not all the plaintiffs, cannot be joined with a cause of action that has accrued to all. There is here a misjoinder of counts, and in the case of a misjoinder, however perfect the counts may be in themselves, the declaration will be bad on general demurrer, or in arrest of judgment, or upon error. 1st Chit. Pl. 205; Dolson v. Bradberry, 50 Ill. 82. In this case damages were assessed generally on the whole declaration; as well upon the breaches counting upon damages to Hotz, Leduc and Willman alone, as upon the breaches for damages suffered by all five of the plaintiffs. This was error. The case of Safford v. Miller, 59 Ills. 206, is in point. Our attention

is called to section 58 of chapter 110, R. S. 1874, which reads as follows : " Whenever an entire verdict shall be given on several counts, the same shall not be set aside or reversed on the ground of any defective count, if one or more of the counts in the declaration be sufficient to sustain the verdict." Defendants in error wholly misapprehend the scope and purpose of this section of the Practice Act. It provides for the circumstance of one or more particular counts being defective, but has no effect to relieve from the consequences of a misjoinder of counts. We are also referred by defendants in error to section 3, Ch. 76, R. S. 1874, which is as follows: " All joint obligations and covenants shall be taken and held to be joint and several obligations and covenants." This section plainly has reference to obligors and covenantors, and not to obligees and covenantees; it was not intended to vest in one a right of action belonging to two or more. But even had the statute expressly rendered joint and several such obligations and covenants as were theretofore joint as regards obligees and covenantees, it would have had no effect to cure a misjoinder of counts, for in that event the counts or breaches of the declaration must have been either all joint or all several.

Whenever the interest of the covenantees is joint, although the covenant be in terms joint and several, the action follows the nature of the interest, and must be brought in the name of all the covenantees; but where the legal interest and cause of action of the covenantees is several, they may maintain separate actions by reason of the subject-matter, though the language of the covenant be joint. In other words, as the rule is expressed in Rawle on Covenants for Title, p. 453: " Covenants are to be construed as joint or several, according to the interest taken by the parties with whom they are made, or in whom the right to take advantage of them has vested." The question is raised by the assignment of errors, as to whether, in a suit upon this bond, a recovery can be had for damages sustained prior to the date of the bond, by reason of the injunction. In Mix v. Singleton, 86 Ill. 194, one of the covenants in the condition of the bond was, that the principals should pay " all damages *caused* by wrongfully suing out said

injunction in case said judgment and decree shall be affirmed; " and the only damages involved in the action were such as had been sustained after the appeal was taken, by reason of the injunction being kept in force. It was there held that the measure of the liability of the sureties was fixed by the terms of the instrument they signed, and that the words, " All damages caused by wrongfully suing out said injunction," embraced only such damages as had been caused prior to the giving of the bond, and not such as were caused by reason of the injunction being kept in force by the appeal. One of the covenants in this case, is to pay " all such damages as said defendant *may* sustain by reason of wrongful suing out of said writ of injunction." Tested by the rule of construction adopted by the Supreme Court, these antecedently accruing damages could not be recovered under this covenant. Here the damages embraced in the words used are prospective, such as defendants *may* sustain after the execution of the bond. If in the Mix case the words of the bond did not include subsequent damages, it necessarily follows that the language of this covenant does not embrace antecedent damages. In fact, the words in the Mix bond are much broader than the words of this covenant. If the case stood upon this one covenant, the position of the plaintiffs in error as to the damages in question, would be correct. One of the covenants in the bond under consideration, is to pay the amount of said judgment, costs, interest and damages, rendered and to be rendered against them, the said Stephen Bardill and Henry Helbing, in case the said judgment shall be affirmed in the Appellate Court."

It is true, the language of the bond in McWilliams v. Morgan, 70 Ill. 62, was the same as that used in this covenant, and that it was there decided there could be no recovery of damages because it was not shown a judgment had been rendered against the principals for such damages. But the two cases do not stand upon the same footing. The bond in that case was executed prior to, and the bond in this case since the revision in 1874, of the statutes. R. S. 1874, Ch. 69, Sec. 12, *Proviso.* Prior to the act of February 21, 1861, it was held that under an injunction bond condit:oned for the payment of such damages

as should be awarded against the complainant in case the injunction should be dissolved, a recovery in an action upon the bond would be an award of damages within the condition, and that a separate recovery against the principal was not required before the liability of the security attached. Hibbard v. McKindley, 28 Ill. 240.

Under the act of 1861 (Sess. L. 1861, p. 133), it was decided that in order to recover under such a condition of an injunction bond, the damages must have been awarded upon the dissolution of the injunction, and that unless there had been such award of damages and a failure to pay them, no suit could be prosecuted upon the bond for damages. Brownfield v. Brownfield, 58 Ill. 152; Mix v. Vail, 86 Ill. 40. The revision of 1874 provided that a failure to assess damages at the time of the dissolution of the injunction "shall not operate as a bar to an action upon the injunction bond." The damages may now be assessed either upon the dissolution of the injunction, or by virtue of this amendment to the act of 1861, in the suit upon the bond. Although the bond in controversy is an appeal bond, yet it is in substance also an injunction bond. The Circuit Court had full power to direct and prescribe the conditions of the appeal bond. Sec. 68, Ch. 110, R. S. 1874. It did so by requiring and taking a bond conditioned not only for the payment of subsequent damages, but also for the payment of "damages rendered or to be rendered" against Bardill and Helbing in case the judgment was affirmed. Thus the appeal bond was to all intents and purposes also an additional injunction bond, and further secured the damages sustained prior to its date. It must be presumed the court deemed them insufficiently secured by the injunction bond theretofore given. So under the law as modified by the *proviso* to section 12 of the chapter on Injunctions, the damages in question can be assessed in the action upon the bond. When a judgment is recovered against the principals, Bardill and Helbing, in the suit on the bond, the condition is answered, as the damages are then "rendered" against them. Hibbard v. McKindley, *supra*. The further point is made by plaintiffs in error, that if the money paid out by Hotz, Leduc and Willman, was paid by them with

moneys taken from the school district treasury, then it cannot be recovered in a suit brought by said Hotz, Leduc and Willman, on the covenants in the bond, for the reason no covenant was made with them in their capacity of school directors. If Hotz, Leduc and Willman have a cause of action on the covenant for moneys paid out by them for solicitor's fees, and other expenses of the injunction suit, then it is wholly immaterial where they got the money with which they paid such fees and expenses, it is a matter with which plaintiffs in error have no concern. Plaintiffs in error have no occasion to complain of the instructions of the Circuit Court, given in this regard.

The judgment of the court below is reversed and the cause remanded, and a re-pleader awarded.

Reversed and remanded.