# DAVID ADAMS ET AL.
## v.
## THE PEOPLE, etc.

1. RECOGNIZANCE—CHANGE OF VENUE—LIABILITY OF SURETIES.—A county judge can not change the venue in a criminal cause or transfer it to the circuit court of his own volition, because an attorney for the defendant at the time of his election as county judge. Such an order is a nullity, and sureties can not be held liable for a failure on the part of the principal to appear in the circuit court, for their contract was for the appearance of the defendant in the county court.

2. PRACTICE—RECOGNIZANCES.—Recognizances must be prosecuted in the court in which they are taken or acknowledged, or to which they are by law returned.

3. CONSTRUCTION OF A SURETY'S LIABILITY.—The undertaking of a surety is construed strictly, and can not be enlarged or varied by judicial construction. A surety is not held beyond the precise words of his undertaking, and in case of doubt as to his liability, the doubt is generally, if not universally, solved in his favor.

ERROR to the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 13, 1883.

Mr. DANIEL HAY, for plaintiffs in error; that the recognizance must be filed and become a record before a forfeiture can be had on it, cited Bacon v. The People, 14 Ill. 313; Raysor v. The People, 27 Ill. 194; Noble v. The People, 5 Gilm. 435; Connor v. The People, 20 Ill. 383.

The *scire facias* is regarded as both process and declaration: Peacock v. The People, 83 Ill. 331.

CASEY, J. This was a proceeding by *scire facias* in the Circuit Court of Perry county, to recover on a forfeited recognizance.

The record shows that Robert C. Martin was indicted at the May term, 1881, of said court for an assault with intent to inflict a bodily injury. The defendant was required to give bail in the sum of five hundred dollars. That the clerk of the circuit court was directed to certify the said indictment to the

county court of said county for process and trial, which was done. That a *capias* was issued by the clerk of said county court for the arrest of the said defendant, directed to the sheriff of Washington county, which was duly served, and the defendant, with the plaintiffs in error as his sureties, entered into a recognizance in the sum of five hundred dollars for his appearance at the February term of said county court, 1882.

The defendant appeared at that term of the court, when it was ordered, that " the judge of this court having been interested as an attorney in the case prior to his becoming the judge of this court, doth order that this cause be transferred. to the Circuit Court of Perry county for trial, and that all the papers in the cause be sent to the circuit court."

The clerk of the county court complied with the order, and the papers, including the said recognizance, were transferred to the office of the clerk of the circuit court.

At the May term, 1882, of the said circuit court, the defendant failed to appear, and a default was taken against him and his sureties, and judgment of forfeiture of the recognizance. A writ of *scire facias* was issued and served on the plaintiffs in error by the sheriff of Washington county, and returned " not found " as to the defendant in the indictment. Upon the trial of the cause, at the October term of said court, 1882, the plaintiffs in error appeared and filed a general demurrer to the writ of *scire facias*, which was overruled by the court. They then filed a plea of *nul tiel record*, upon which there was a trial and judgment against the plaintiffs in error for the penalty named in the bond, and the costs. Exceptions to the ruling of the court were taken, and the case is brought to this court by a writ of error.

The main question, and the one that goes to the foundation of the proceeding, is, Did the circuit court have or obtain jurisdiction of the cause of action ?

It is clear that the circuit court had the power, under the statute, to direct that the indictment be certified to the county court " for process and trial." When that was done, the county court obtained jurisdiction to hear and determine the cause. The circuit court could be invested with juris-

diction of the cause by virtue of some provision of the statute. The county court, so far as this character of actions is concerned, is a court of limited jurisdiction, and has no power except that which is expressly given by the statute. The recognizance was for the appearance of the defendant in the county court * * * * and there to remain until the final sentence or order of the court. It may be claimed in this case that the order transferring this cause to the circuit court was the final order of the county court, and this would be so if there was any power in the county court to make such an order upon such a state of facts. If there was no such power, then the order was a nullity. It was extra judicial. The plaintiffs in error were under no legal obligations to have the defendant in the circuit unless it was so " nominated in the bond," or unless the county court had the statutory authority to make the transfer. The statute provides for transferring causes from the county to the circuit court in certain cases. It may be done in civil cases when the county judge of any county is interested in the estate of any deceased person. * * * * Such facts shall be entered of record in said court, and the case certified to the circuit court. If the county judge shall be interested as a creditor, no change need be made except as to his claim. The venue may be changed upon the application of the defendant when it is sufficiently made to appear that he will not receive a fair and impartial trial in the court where the cause is pending, because of the prejudice of the judge or the inhabitants of the county. In such cases the venue may be changed to some other court of record in the same county, or some other convenient county to which there is no valid objection.

We have been wholly unable to find any provision of the statute authorizing a county judge to change the venue in a criminal cause or transfer it to the circuit court of his own volition, because an attorney for the defendant at the time of his election as county judge.

If this view is correct, and there was no authority upon the part of the county court to make such transfer of the cause to the circuit court, it follows that the sureties could not be

held responsible for his appearance in that court, and there would be no liability if he failed to appear.

As before stated, their contract was for the appearance of the defendant in the county court. The record shows that the defendant did appear in the county court.

The measure of the liability of sureties is fixed by the terms of the instrument that they sign. Such undertaking can not be enlarged or varied by judicial construction. Mix v. Singleton, 86 Ill. 194.

The undertaking of a surety is construed strictly; his liability will not be extended by implication. The People v. Tompkins, 74 Ill. 482; Myers v. First Nat. Bank of Fairbury, 78 Ill. 257.

The surety is not held beyond the precise words of his undertaking. Davis v. The People, 1 Gilm. 409.

In case of doubt as to the liability of the surety, the doubt is generally, if not universally, solved in his favor. Stull v. Hance, 62 Ill. 52.

It is a universal rule that recognizances must be prosecuted in the court in which they are taken or acknowledged, or to which they are by law returned. Crossman v. The People, 3 Gilm. 351; Commonwealth v. Downey, 9 Mass. 520; 1 Saunders, 98; Commonwealth v. Daggett, 16 Mass. 447.

We do not consider it necessary or useful to discuss other objections that were made on the hearing of the cause in the circuit court. We think the county court had no power, on the case stated, to transfer the cause to the circuit court, and that the sureties can not be held liable for a failure on the part of their principal to appear in the circuit court. The judgment of the circuit court is therefore reversed and the cause remanded.

Reversed and remanded.