HENRY A. SANGER AND ANDREW H. SHREFFLER, IMPLEADED, ETC.,

v.

JOHN W. NADLEHOFFER.

*Appeals—Debt—Action of, on Appeal and Injunction Bond—Pleadings —Construction of Bond—Sufficiency of Evidence.*

1. In an action on an appeal bond, one allegation in a single count of the affirmance of the judgment is sufficient, although the count alleges two breaches.

2. The allegations of the declaration in the case at bar of the damages arising from the continuance of the injunction, held to have been sufficient, after issue joined, and that a motion in arrest was properly overruled.

3. In order to fix the liability of the sureties on the bond in question, it is *held:* That it was not necessary, under the proper construction of the lan-guage of the bond, that the Appellate Court should, by its judgment at the time of affirmance, have established the amount of damages and costs against the defendants in the original suit.

4. The fact that one of the principals to the bond in question died pend-ing the appeal, and that appellee was compelled to pursue his remedy against his debtors separately, one in person and the other through the Probate Court, does not, upon proper construction of the bond, release the sureties.

5. The evidence held to have been sufficient to support the judgment against the sureties.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

This was a suit brought by the appellee against the appel-lant, impleaded with Andrew Dillman, in an action of debt

upon an appeal bond given by the appellant to appellee in the penal sum of $10,000, in which it was recited that appellee, on the 27th day of June, 1885, at a term of court then being holden within and for the county of Will, Illinois. obtained a decree against Andrew Dillman and Edward R. Knowlton dismissing their certain bill of complaint and cost of suit, from which decree the said Dillman and Knowlton had prayed an appeal to the Appellate Court of the Second District of the State of Illinois, and the bond was conditioned as follows: Now if the said Dillman and Knowlton shall only prosecute said appeal, and moreover pay all damages, and damages growing out of the continuance of the injunction herein, costs of suit rendered or to be rendered against them, the said Andrew Dillman and Edward R. Knowlton, by said court, in case said decree shall be affirmed in the said Appellate Court, then the above obligation to be null and void, otherwise to remain in full force and virtue.

The bond was dated on the said 27th day of June, 1885, as recited therein. The subject-matter of the suit referred to in the bond above set forth and the object of said injunction suit was to declare void and to enjoin the collection, sale or transfer of a certain promissory note, executed by the said Andrew Dillman and Edward Knowlton to the appellee, for the sum of $8,000, dated April 18, 1883, and one July 1, 1885, with interest from date at the rate of six per cent per annum.

The collection of the note was guaranteed at maturity by indorsement on the back thereof by Calvin Knowlton and Lewis E. Dillman. The dismissal of the bill had the effect to dissolve the injunction, and thereupon the appeal alluded to in the appeal bond is prayed for and allowed, and the court, under the statute, was asked to keep the injunction alive, which it did by requiring the respondent in said suit to give the bond above set forth and fixing the terms of the bond as it appears in said bond. The declaration avers in various counts that the appellee was the owner of the note at the time the injunction was sued out and also so remained till this suit was commenced; and that while at that time the makers and indorsers

of the note were responsible for its payment, yet by reason of
the continuance of the said injunction the collection of the
said rate was delayed for the period of three years, and during
the time which said injunction was so continued and its
collection delayed and restrained, said Andrew Dillman and
Edward Knowlton sold and disposed of their real and personal
property, and they and each of them became insolvent, so that
the said note could not be collected of them or either of them;
that also Calvin Knowlton and Lewis E. Dillman, guarantors,
and each of them, conveyed and disposed of their estates and
became insolvent, so that no part of the said note could be
made out of them or either of them, whereby the appellee had
lost the entire note except $842.86, which had been collected out
of the estate of Edward Knowlton, deceased. It appears from
the pleading that before the determination of the appeal in the
Appellate Court, Edward R. Knowlton, one of the principals
to the said bond, died, and that Andrew Dillman was allowed to
prosecute the appeal in the Appellate Court by the order there-
of, as the surviving partner, and that on the 20th day of Feb-
ruary, 1886, in vacation, after the December term, 1885, the
said court rendered final judgment in said cause against
Andrew Dillman, survivor of Dillman & Knowlton, and in
favor of appellee, affirming the decree of the court below, and
rendered judgment for costs against the said appellant Dill-
man.    The declaration also had counts charging the note
was worth $10,000 on its face value and the makers and
indorsers solvent at the date of filing the appeal bond, and by
reason of continuing the injunction the makers and indors-
ers became insolvent, and by reason of the delay became
worthless, and that appellee was hindered from transferring
the note, and that the makers and indorsers of the note
became insolvent to such a degree as to impair their credit,
and by reason thereof the note became unmarketable and
could not be sold except for small value, to appellee's damage
of $10,000.    By another count in declaration it was charged,
among other averments, that an appeal was taken to the
Supreme Court, and on the 15th day of May, 1886, the
Supreme Court affirmed the judgment of the Appellate Court;

that appellee commenced suit April 12, 1886, in the Circuit Court, against Andrew Dillman, survivor, on the note, returnable to the May term, 1886, and that afterward a change of venue was taken by Dillman to Livingston county, and on the 14th of June, 1887, judgment was rendered against Dillman for $9,994 and costs, and execution was issued to Will county, and on the 13th of September, 1887, the sheriff returned the execution wholly unsatisfied; and further avers that after the decision in the Appellate Court, appellee filed his claim on said note against the estate of Edward R. Knowlton, deceased, in said Will county, and the claim was allowed in full, and could only realize the sum of $842.86. The appellants took issue on the said several counts in the declaration on all issuable matters, jury was waived and the cause was tried by the court, which found for appellee in the sum of $10,000 debt and $7,657.14 damages, and rendered judgment on the finding and debt to be discharged on payment of damages.

Messrs. GARNSEY & KNOX, GEO. S. HOUSE and B. OLIN, for appellants.

The declaration is insufficient, and no recovery could be had under it, and no evidence could be admitted under any count whereby to make a cause of action against these defendants.

As defendants moved to arrest the judgment if there are substantial defects in the *narr.* the court committed error in overruling the motion. Culver v. Third National Bank, 64 Ill. 528.

Each breach must be entire and show in itself a complete cause of action. Hibbard v. McKindley, 28 Ill. 240. When the plaintiff seeks to recover special damage in regard to the non-completion by third persons of contracts the plaintiff had made with them, the names of such third parties should be stated. Chitty on Pl., 13 Am. Ed. 338, 339; Craft v. Boite, 1 Saund. R. 243; C. N. 5; Lowe v. Harwood, Jones, 196; Hartley v. Herring, 8 Term, 130, 133; 2 Greenleaf on Ev., Sec. 254; Chicago v. O'Brennan, 65 Ill. 164; Myer v. Davies, 17 Ill. App. 230.

This bond imposed no other obligation upon the sureties than to pay and satisfy whatever judgment might be rendered in the Appellate Court. It is not contended but that such judgment has been paid.

It is a general rule, admitting of no exception, that the contract of a surety, by written instrument, is to be construed strictly and according to the terms of that instrument, and none other.

The surety is a favorite of the law. Ludlow v. Simond, 2 Caine's Cas. 29 ; Doffin v. Bradley, 17 Wend. 425 ; Reynolds v. Hall, 1 Scam. *38 ; People v. Moon, 3 Scam. 126 ; Governor v. Ridgway, 12 Ill. 17 ; Governor v. Lagow, 43 Ill. 141 ; Cooper v. People, 85 Ill. 417 ; Schnell v. N. S. Planing Mill, 89 Ill. 584 ; Trustees v. Sheik, 119 Ill. 582 ; Trustees v. Otis, 85 Ill. 181 ; Stull v. Hance, 62 Ill. 55 ; Miller v. Stewart, 9 Wheat. 680 ; Leeds v. Dunn, 10 N. Y. 469 ; Barnes v. Barrow, 46 N. Y. 42 ; Hinckley v. Kreitz, 58 N. Y. 583 ; U. S. v. Hough, 103 U. S. 71 ; Fields v. Rawlings, 1 Gilm. 581 ; C. & A. R. R. Co. v. Higgins, 58 Ill. 128 ; People v. Tompkins, 74 Ill. 482 ; Ovington v. Smith, 78 Ill. 250 ; McWilliams v. Morgan, 70 Ill. 62.

Messrs. HILL & HAVEN and HALEY & O'DONNELL, for appellee.

LACEY, J. Some points are raised here preliminary to the effect that the judgment should have been arrested on the appellant's motion. It is insisted that in the second breach of the first count of the declaration and the second and fourth counts of the declaration there is no averment that the Appellate Court had ever affirmed the judgment of the Circuit Court or that the condition of the appeal bond sued on had been fulfilled by affirmance, so as to authorize the bond to be sued on. We find from an examination of the declaration that this charge is true as to the second and fourth counts of the declaration, which fail entirely to aver that the decree of the Circuit Court had ever been affirmed by the Appellate Court. These counts, therefore, appear to be defective, and fail

to state a cause of action; for the condition of the bond, upon which the right to recover in any event depended, has not, as appears from those counts, been fulfilled.    And if there were no other counts in the declaration the judgment should have been arrested on appellant's motion.    But there is the fifth count in the declaration, which avers that the decree of the Circuit Court was affirmed by the Appellate Court on February 20th, after the December term, 1885, of said court. As to the first count in the declaration, we find that there is an averment in it that the decree was affirmed and judgment only rendered against Andrew Dillman and Edward R. Knowlton for costs of the Appellate Court, and there was an averment that appellant had not paid the costs, which, as a matter of fact, was not sustained in the trial, for they were in fact paid.    It is not necessary in pleading to repeat the allegation of affirmance as to each breach, and if the second breach was well assigned, a point that we will consider hereafter, the allegation would apply to that as well as to all others.    There was no third count in the declaration, it having been *nolle prosequied* on motion of the attorney for appellee.

It is insisted that the averment in the fifth count as to damages on account of alleged loss of the sale of the note on account of the continuing of the injunction and the becoming insolvent of the makers and guarantors of the note, is so defectively stated as to make the count bad on the motion in arrest; that it was necessary to name the parties to whom the sale was made, or proposed to be made, which had been defeated by the continuance of the injunction.    Issue was taken on this allegation and this obviated a more particular averment.    It would not have been proper to arrest the judgment for want of a more specific averment or to exclude the evidence offered to sustain it.    The case of Chicago v. O'Brennan, 65 Ill. 160, is not in point.    There it was sought to recover damages for loss of certain lecture engagements where there was no special assignment of damages covering such items.    Here there was a special assignment, though it is claimed not specific enough.    If it was not specific enough it should have been demurred to.    The pleading here complained of does

not violate the rule that there must be a special breach assigned where the damages do not naturally flow from the injury complained of. We think, also, the allegations in the first and fifth counts as to the makers becoming insolvent and the loss of the note in consequence are sufficiently specific to put appellants on notice of what the claim was, and by joining issue any more particular statement was rendered unnecessary. There are some other objections made as to the insufficiency of the declaration that we do not deem it necessary to notice, as in our judgment they are of little importance.

Perhaps the most important question in the case is whether the condition of the appeal bond had been forfeited at all, except as it is admitted it was to the extent of the costs adjudged by the Appellate Court. There are three separate briefs of as many firms of counsel who have argued the cause for the appellants, and they each one make the point and strenuously insist that by the terms of the bond, in order to render the appellant liable on any of the conditions of the bond for the payment of damages or costs, the Appellate Court must have, by its judgment, at the time of affirmance, established the amount of damages and costs against Andrew Dillman and Edward R. Knowlton. Otherwise it is contended there can be no damages or costs recovered against the sureties on the bond sued on in the case. The costs have been awarded and paid by appellants or by Dillman and are not in question here.

If the appellants succeed in getting this interpretation put on the bond, then they escape any further liability. We will first consider this question. It does not seem to us that this is a proper or fair interpretation of the language of the instrument.

The condition of the bond is as follows : " Now, if the said Andrew Dillman and Edward R. Knowlton, shall only prosecute said appeal, and shall moreover pay all damages, and damages growing out of the continuance of the injunction therein, costs of suit rendered or to be rendered against them, the said Andrew Dillman and Edward R. Knowlton, by said court, in case said decree shall be affirmed in said Appellate Court, then the bond to be void, otherwise to remain in

full force." The word "and" must be understood to be implied after the word "therein," immediately following the word "injunction." The question is presented whether the qualifying clause of the above condition, "rendered and to be rendered against them, the said Andrew Dillman and Edward R. Knowlton, by said court" (Appellate Court), etc., modifies and qualifies the first member of the said conditional clause as well as the second member, to wit, "and costs of suit." The language of the bond in that particular is somewhat ambiguous and may be construed either way without doing much violence to the language, even if nothing is to be considered except the mere grammatical construction of the words used. But when we consider the object intended to be attained by the court in requiring security against loss to appellee that might accrue to him by reason of the continuing of the injunction in force and by reason of the possibly accruing insolvency of the makers and guarantors of the note in the meantime, and when we further consider that the Appellate Court had no jurisdiction to render judgment on the hearing of the appeal, on account of the damages accruing by reason of the wrongful continuing of the injunction, then it becomes quite apparent that it could not have been the intention of the judge to fix the terms of the bond or the persons who signed it, to couple the condition in question with a requirement impossible of fulfillment and which would render the supposed security as to such damages entirely nugatory. We think it, therefore, entirely clear under the circumstances and from the nature of the case itself, that the qualifying clause, requiring judgment to be rendered against Dillman & Knowlton, has only reference to the costs of suit. The apparent ambiguity in this case grew out of the attempt to so change the common form of an appeal bond intended for a case of appeal from a judgment or decree for money, as to make it comply with facts and requirements of the case then being appealed from. In doing so, language was used that gives color for the contention of appellants. In case of appeal to the Appellate Court from a judgment or decree for money, that court has power to render a different judgment or decree from that appealed from and sometimes to award damages

where an appeal is dismissed for want of prosecution and render judgment for that as well as costs. The words used in the statutory form in case of appeal from a judgment or money decree is as follows: "And pay the amount of the said judgment, costs, interest and damages, rendered and to be rendered against them in case said decree shall be affirmed in said court," etc. It will appear by the above reading that the words " the said judgment" in the above form would not be qualified by the last part of the condition "rendered or to be rendered," in the court, even if the words "by the court" were used. The judgment appealed from would not be rendered by the Appellate Court, hence the last above qualifying words would not apply to it. The same rule of construction, we think, for similar reasons, should be applied to the words of the bond here in suit.

The Appellate Court, from the nature of the case, can not adjudicate as to the damages on account of continuing the injunction, but only as to the costs over which it has control. Then in case of any supposed ambiguity, as appears in the bond sued on here, a reasonable and sensible construction would be to apply the words "rendered and to be rendered" to the last preceding clause, the " costs," only, as the character of the damages claimed in the bond could not reasonably be qualified by those words. When there is ambiguity in a sentence it must be solved by reference to the context and subject-matter of the discussion. The case of Smith v. Morgan, 70 Ill. 62, is not in point. In that case the appeal bond was in the ordinary form in case of appeal from a judgment or money decree, and contained no condition for the payment of rent, which was claimed in the suit on the appeal bond.

It was decided that under the terms of the bond no recovery could be had for the loss of the rent occurring during the continuance of the injunction appealed from. A similar case is Mix v. Singleton, 86 Ill. 194. It is said also in that case by Justice Scott, that "no condition of the bond obligated defendants to pay such damages as plaintiff might sustain by reason of the injunction being kept in force by their appeal."

The ordinary obligation to pay such damages as might be caused by suing out the injunction did not cover loss of rent

which was caused, not by the wrongful suing out of the injunction, but the wrongful continuing of it in force. Hence it was held that the terms of the bond did not cover it. But the bond in question here has an express provision against damages caused by continuing the injunction in force. The case of Bardill v. Trustees of Schools, 4 Ill. App. 94, is to the same effect as Mix v. Singleton, *supra*, only that under Sec. 68, Chap. 110, R. S. 1874, it is held the Circuit Court had full power to prescribe the conditions of the appeal bond although the appeal bond were an additional injunction bond.

We are cited by counsel for appellants to State v. Medary et al., 17 Ohio, 554, and other cases, to show that the obligations of securities are to be strictly construed, and, as is said in the case of State v. Medary, *supra*, according to "its exact words." We do not think that a highly technical rule ought to be adopted, such as is adopted by the courts in passing on the validity of tax titles. To hold so strict a rule would be to defeat justice, and allow all bondsmen to escape liabilities on mere frivolous technicalities.

A fair, reasonably strict construction of security's obligations is all that the law requires. In the case of Cassidy et al. v. Trustees of Schools, 105 Ill. 560, it was held, as regards recovery on an official bond, that whatever would show a breach of a condition of the bond by the principal would in either case establish the liability as to the sureties thereon. In Belloni v. Freeborn, 63 N. Y., this rule is announced, to wit: "In construing the obligation of sureties, the same rules are applicable as in the construction of other instruments. While the obligation can not be extended by construction or implication beyond its precise terms, the meaning is to be ascertained in the same manner as in other instruments, and when this is ascertained, effect is to be given to it." In Massie v. Belford, 68 Ill. 290, it is said, the intention of a party making a contract is to be gathered from the whole instrument; also, "if a contract contain ambiguous words or words of doubtful construction, such are to be construed most strongly against the party who executed the contract;" the opposite party "is not presumed to have chosen the expression of doubtful meaning;" * * * " the policy of court is not to give such a construc-

tion to contract as will defeat the ends of justice upon a tech-
nical question." In that case a note written " eighteen sixty-
eight " was held to mean 1868, declaring the word "hun-
dred" to be understood because it was obvious that was the
meaning. If there had been security on the note the ruling
must have been the same. Another point is made, that inas-
much as Edward R. Knowlton died after the making of the
bond. and before the case was decided in the Appellate Court,
and the case went to judgment in that court in the name of
Dillman, the survivor, and the bond was written conditioned
to pay such damages growing out of the continuance of the
injunction, rendered or to be rendered against both, then there
can be no recovery, because there can be no joint judgment
against both Dillman and Knowton, the latter being deceased.
If this point is well taken, it were fortunate for appellants, as
they will escape all liability as sureties on the appeal bond;
but we think there is no good reason for holding the appel-
lants released because one of the principals in the bond died
and appellee was compelled under the rule of law to pursue
his debtors separately, one in person, and the other through
his administrator. Such bonds are joint and several in their
nature, and are signed by the sureties in that way. If the bond
had been for the payment of money unconditionally, and one
or both of the principals had died, would that have released
the sureties? The case here is but little, if any, different.

The appellants signed a joint and several obligation with
their principals, to enable them and each of them to delay
payment of their note until the case could be tried in the
Appellate Court. The case was heard on the appeal in which
they signed their bond, and the decree affirmed after the
death of one of the principals, and the loss is alleged to have
occurred on the part of appellee, on account of this delay.
We must hold, then, that appellants signed the bond jointly
as to both Dillman and Knowlton, and also severally for each,
and that inasmuch as Dillman prosecuted the appeal to a con-
clusion by means of this bond, the appellants are just as liable
as though Knowlton had not died and both had prosecuted it to
the end. Substantially the same rule was held in Ives et al.
v. Hulce, 17 Ill. App. 35. The result of granting the per-

mission to Dillman to appeal, with the injunction as to him continued, was the same in effect as the continuance as to both. It stopped the suit for collecting the note and also the sale of the note. The appeal was so drawn as to secure the debt in case the appeal as to either party had the effect to cause its loss, or any loss, to appellee. A point is made as to the sufficiency of the proof to sustain the declaration. Without going into a considerable discussion of the evidence, it seems to us there was abundance of evidence from which the court might find both that the appellee lost the sale of the note that he might and would have made but for the appeal and the continuing of the injunction, and that he could have realized out of the sale the sum of $8,500. He had two sales made for the note, which the court, we think, was justified in finding from the evidence were defeated by the continuance of the injunction.

It is true that if the appellee could, by reasonable diligence, have avoided loss after the decree was affirmed in the Appellate Court, it was his duty to do it, but we think the proof shows he could not do it. If the sale of the note was lost by reason of continuance of the injunction, and the note, by reason of such continuance and the reputed insolvency of the makers and guarantors, became valueless in the market, then *prima facie*, at least, the note had no value, and the recovery on that ground would be proper unless the evidence shows it or some part thereof could have been collected. We are satisfied that the condition of all the parties to the note, makers and guarantors, although having a large amount of property, real and personal, in their hands at the time of the appeal, and at that time the note would probably have been made by suit, yet then the foundation for their financial ruin was laid. It is also quite clear that the makers and guarantors of the note became insolvent soon afterward. And that after injunction suit in the Appellate Court was finally settled, no more of the money could have been made than was done. Some objections about the admission of evidence, is, we think, not well taken. Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*