## D. M. Osborne & Co. v. C. McCarthy and Nellie McCarthy.

1. GUARANTY—*Construction of Contracts of.*—The contract of one who guarantees the payment by another of money to some third party, is an undertaking which is to be construed strictly, and such guarantor is liable to the extent only, and in the manner and under the circumstances pointed out in his obligation, and no further.

Assumpsit, on a contract of guaranty. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRANE, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

RAYMOND D. MEEKER, attorney for appellant.

JOHN E. JENNINGS and FRANK SPITLER, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

One Mike McCarthy entered into a written contract with appellant, a corporation, for the purchase of farm machinery and other like merchandise to be sold at Dalton City, Illinois, during the season of 1898. The contract provided for the sale of the merchandise at prices named in annexed lists and payment by McCarthy with express charged or exchange. Appellee and Nellie McCarthy executed on the back of the contract the following guaranty :

" In consideration of the sum of one dollar, the receipt of

which is hereby acknowledged, I hereby guarantee the ful-
fillment of the within contract on the part of M. McCarthy.
                    (Signed)   C. McCARTHY,
                               NELLIE McCARTHY."

McCarthy, in the course of his dealings with appellant,
became indebted to it in the sum of $329.06 and failed to
pay. This suit was brought upon the guaranty. Appellee
D. McCarthy only, was served, the summons being returned
*non est inventus* as to Nellie McCarthy. Appellee filed plea
of the general issue to the amended declaration, and upon
the issue raised thereby, a trial was had by the court with-
out a jury, resulting in a finding and judgment against
appellant. We think the judgment is right.

It is contended that the amended declaration does not
state a cause of action against appellee. Having pleaded to
the declaration and gone to trial on the merits, appellee is
in no position to urge the objections he does to it in this
court.

He further contends that the contract sued upon does
not constitute a cause of action. We can not take that
view. It is a plain guaranty for the faithful performance
of a contract of purchase on the part of appellee's principal.

It is insisted that appellee can be held liable as guarantor
only for such merchandise sold to Mike McCarthy by appel-
lant as was included within the lists attached to the con-
tract, and had the prices annexed. The contract provided
that appellant should sell and Mike McCarthy should buy
and pay for the merchandise listed and at the prices annexed.
In support of the contention appellee calls to his aid the
well settled rule of law that a contract of guaranty must be
strictly construed. Ryan v. Trustees, etc., 14 Ill. 20; Stull
et al. v. Hance, 62 Ill. 52; Shreffler v. Nadelhoffer, 133 Ill.
536; Tolman Co. v. Rice, 164 Ill. 255. An inspection of the
contract with the lists attached shows that prices were
annexed to but few of the articles of merchandise listed.
They were:

"10-foot self dump rakes, 24 teeth.......$18 00
Manila twine, per 1d....................    06½
Columbia Disc Harrow, 14 discs, 16 in...  24 00

Rival Disc Harrow, 14 discs, 16 in....... 20 00
Columbia Peg Tooth Harrow 105 teeth.. 13 50
Orbit Oil in barrels, per gallon........... 18 ''

It nowhere appears from proof in the record that any part of the $329.06 which Mike McCarthy owed appellant was for any merchandise above enumerated, and the court was right in finding for appellee. Judgment affirmed.