CHARLES S. STETTAUER *et al.*

*v.*

NETTIE M. HAMLIN, for use, etc.

*Filed at Ottawa February 3, 1881.*

1.   CONSTRUCTION OF CONTRACTS—*what may be considered, outside of the writings, in aid thereof, and when.*   While courts, when necessary, put themselves in possession of all the facts and circumstances connected with the execution of an instrument for the purpose of ascertaining the intention of the parties, and explaining any ambiguity arising from extrinsic facts, yet this is never done where the terms of the instrument are clear and unambiguous, and there is no doubt as to the identity of the subject matter to which the instrument relates.

2.   SAME—*words construed in their popular sense.*   It is a familiar rule, of constant application, that courts give effect to all written instruments according to the ordinary popular meaning of the terms employed, where nothing appears to show that they were used in a different sense, and no unreasonable or absurd consequences will result from doing so.

3.   DEED OF SALE—*construed as to fixtures in building.*   Where a party, owning a leasehold interest in land, with the buildings thereon, and fixtures for carrying on business, some of which were attached to the building, and others not, such as desks, chairs, counters, trucks, show cases, and the like, sold and conveyed "all interest in the leasehold estate,   *   *   *   also, the buildings erected upon the premises described in said lease, and all the engines, boilers, elevators, machinery, and fixtures of every description, *attached to said building,* in said buildings, and belonging to the same:   *Held,* that the phrase, "fixtures of every description, attached to said building, in said building, and belonging to the same," did not indicate or describe two classes of fixtures, one attached and the other not attached to the building, but, on the contrary, only the fixtures attached to the building passed by the deed, and not those unattached.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. CYRUS BENTLEY, for the appellants:

From the language of the deed, it is manifest that the grantors, Hamlin and Davey, intended to convey, and the grantee, Dunn, intended to receive, different kinds of fixtures.

The language of the deed is peculiar and significant:

1.   It speaks of fixtures of *every description,* implying that there were embraced in this conveyance fixtures of more than one description.

2.   It speaks of fixtures attached to the building. But, in addition to that, it speaks of other fixtures, not the attached ones, but such as, besides these, were in the building and belonging to it.

Physical annexation is not an essential element of a fixture. As to what have been held to be fixtures, counsel cited Ewell on Fixtures, 1; *Farrar* v. *Stackpole,* 6 Me. 154; *Bishop* v. *Bishop,* 11 N. Y. 123; *Snedecker* v. *Waring,* 12 id. 170; *Faber* v. *Robinson,* 36 Barb. 483, and *Teaff* v. *Hewitt,* 10 Ohio St. 511.

If there is any doubt as to what was intended to be conveyed, we urge the familiar rule, that the language of the grant must be construed most strongly against the grantor. *City of Alton* v. *Ill. Trans. Co.* 12 Ill. 38; *Atkins* v. *Boardman,* 2 Met. 463.

Where a store is granted, everything belonging to or in use for it, as an incident or appurtenance, passes. *United States* v. *Appleton,* 1 Sumner, 500.

These articles of property were *trade fixtures,* so designated by the very parties who now pretend that they were not fixtures of any description; and trade fixtures pass to a purchaser by a sale of the freehold, unless they are expressly reserved. *Moore* v. *Smith,* 24 Ill. 512; *Streeter* v. *Streeter,* 43 id. 155; *Martin* v. *Cope,* 28 N. Y. 180; *Colgrove* v. *Dias Santos,* 2 B. & C. 76.

If these grantors had not intended to convey these trade fixtures together with the other property, they could have adopted the usual simple and easy method of reserving them by an express clause in the deed to that effect.

Accepting the property in satisfaction of the debt, would Dunn have consented that any portion of what was covered by the lease to appellants should be reserved?

In the construction of a deed, the intention of the parties, if not obvious upon the face of the instrument, may be ascertained, from memoranda and accompanying documents, from the situation of the parties at the time of the conveyance. *Board of Education, etc.* v. *Trustees, etc.,* 63 Ill. 204; *Cook* v. *Whitney,* 16 id. 483; *Thomas* v. *Wiggers,* 41 id. 470; *Atkins* v. *Boardman,* 2 Met. 464; *Hadden* v. *Shoutz,* 15 Ill. 582.

Mr. ROBERT HERVEY, for the appellee:

The words in the deed were not operative to convey articles of furniture and chattels not in any way fixed to the realty, although they may have been on the premises and in the possession of the appellants at the time of the making of the deed from Hamlin and Davey to Dunn, under which the appellants claim the property. Ewell on Fixtures, pp. 12, 13, 16, 21, 41, 277; note 294, 295, 298, 299, 307, 310, 436.

In Ewell, *supra,* 310, the word "fixed" must govern the whole sentence; loose property does not pass. *Guthrie* v. *Jones,* 108 Mass. 191.

Mere articles of furniture, *though* temporarily fastened, do not pass. Ewell on Fixtures, pp. 294, 295, 298; *Rogers* v. *Brockaw,* 25 N. J. Eq. 496.

As to gas fixtures, see *Lawrence* v. *Kemp.* 1 Duer, 363, and *Moore* v. *Smith,* 26 Ill. 392.

But it is urged by counsel for appellants, that because the property in question was adapted to the use and enjoyment of the realty, for the purposes for which the grantors in the deed to Dunn used it, *therefore* it passed by that deed.

If that were the test, then farm implements, horses, wagons, oxen, etc., used on a farm and necessary for the proper use of the land as a farm, would pass by the deed of the land. This is not so. Ewell on Fixtures, p. 21; *Taaffe* v. *Hewitt,* 1 Ohio St. Rep. 511.

In answer to the argument of the counsel for the appellants, as to the adaptation of the property to the uses of the realty for the purpose for which it was intended, being conclusive as to *character* of the property, and that thereby it lost its character as chattel property, I beg to reply, that even in cases where furniture was more or less attached to the freehold, but only for convenience or safety, and was capable of being removed without injury to the realty, the question of the intention with which any slight annexation may have been made, is a proper subject of inquiry and is competent evidence. Ewell, 41; *Seiger* v. *Pettit,* 97 Pa. St. 437; *Sturgis* v. *Warren,* 11 Vt. 433; *Cross* v. *Marston,* 17 id. 533; *Hitt* v. *Wentworth,* 28 id. 928; *Titus* v. *Mabee,* 25 Ill. 267.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was an action of trover, by appellee against appellants, in the circuit court of Cook county, for the alleged conversion of certain chattels. The cause, by agreement of parties, was tried by the court without a jury, resulting in a judgment for plaintiff and against the defendants for $2842, which, on appeal, was affirmed by the Appellate Court for the First District. The present appeal is prosecuted to reverse the judgment of the latter court.

By agreement of the parties, the Appellate Court has certified to us the material facts found by that court, which must be regarded as conclusive, so far as the rights of the parties depend upon mere questions of fact.

The facts found by the Appellate Court are as follows: In 1871 Hamlin, Hale & Co. were engaged in the wholesale dry goods business in the city of Chicago. After the great fire of that year they leased a lot for a long term of years, and

erected thereon a large business house, fronting on Madison street, in which to carry on their business. The articles of property for which this suit was brought were bought by them and placed in the building, upon its completion, and consisted of such store furniture and fixtures as were essential to the carrying on of their business, such as desks, chairs, counters, trucks, show cases and the like. A few of these articles were annexed to the building, but the most of them were not. On the 25th of November, 1873, Hamlin, Hale & Co. having failed, sold their entire property, including the business house, lease and articles in question, to Hamlin & Davey, who took possession and continued the wholesale dry goods business in the same building until the 25th of July, 1874, when they sold out their merchandize and business to appellants, who continued the business under the style of Stettauer Bros. & Co. Hamlin & Davey, at the same time, also executed to Stettauer Bros. & Co. a lease on the ground on which the store stood, and all the trade fixtures in the store, for a term commencing on that day and ending on the 31st of December, 1877. The lease, after describing the lot of ground, proceeded to describe the other property covered by it, in these words : " with the buildings and improvements thereon ; also contained in said buildings three elevators and engines, two boilers, force pumps, fire apparatus and steam-heating apparatus, and the trade fixtures in said building particularly described in schedule hereto attached, and made part of this lease." While a schedule was made which covered the articles now in controversy, yet, for some cause unexplained in the record, it was not attached to the lease.

Subsequently, on the 30th of January, 1875, Hamlin & Davey sold out to H. B. Claflin & Co., and by their directions conveyed to William S. Dunn, one of the members of the firm, "all interest in the leasehold estate ;    *    *    * also, the buildings erected upon the premises described in said lease, and all the engines, boilers, elevators, machinery and fixtures, of every description, *attached to said building,*

ᐧin said buildings and belonging to the same." The words "attached to *said* buildings," were interlined before the execution of the instrument; and by way of giving a construction to this instrument, it is expressly declared that " the object of this deed was to convey not only the leasehold interest of said grantors in said lease, but also all the buildings and improvements upon said premises," etc. At ᐧthe same time Hamlin & Davey assigned to Dunn all their interest in the lease made by them to appellants.

At the time of the transfer of the property to Dunn by Hamlin & Davey, Dunn executed to them an agreement, by which they were given the right to repurchase it within a limited time. The latter, finding they would not be able to make the repurchase, on the 18th of November, 1875, executed to Dunn a deed, releasing and canceling the instrument conferring the right to repurchase, in which deed of release the following language occurs: "The object of this instrument being to cancel and release to said William S. Dunn the said agreement of January the 30th, A. D. 1875, and all the property and premises situate upon the southwest corner of Madison and Franklin streets, in the city of Chicago, lately occupied and used by Hamlin & Davey, and make the deed of said premises, heretofore made by us to William S. Dunn, absolute and complete, without any right to repurchase of the same to us and our heirs and assigns forever."

On the first of February, 1877, Dunn conveyed the property to appellants by the same description contained in Hamlin & Davey's conveyance to Dunn. Accompanying the latter conveyance, certain policies of insurance which had been issued to Hamlin & Davey upon the premises, machinery, etc., were transferred to Dunn by the latter, as covering his purchase, which Hamlin testifies did not cover the property in controversy. Stettauer, on the other hand, testifies that he believes the policies transferred to him by Dunn "read on all the buildings, *fixtures*," etc.

On the 15th of December, 1875, for the consideration of $2500, Hamlin sold and conveyed to appellee one undivided half of the property in controversy. On the first of May, 1876, Dunn conveyed to her the other undivided half of the property, by way of mortgage, to secure an indebtedness from him to her of $988.64.

While this case, as will be seen, necessarily turns upon the construction to be given to the conveyance of Hamlin & Davey, of the 30th of January, 1875, to William S. Dunn, yet, with a view of throwing all possible light on the real intentions of the parties to that instrument, and of ascertaining the true subject matter upon which it was intended to operate, so far as extrinsic facts may aid in doing so, we have, at the expense of much tediousness and great prolixity, fully detailed all the facts disclosed by the record, that can have the slightest bearing in that direction. It is to be observed, however, that while courts, when necessary, put themselves in possession of all the facts and circumstances connected with the execution of an instrument, for the purpose of ascertaining the intention of the parties and explaining any ambiguity arising from extrinsic facts, yet this is never done where the terms of the instrument are clear and unambiguous, and there is no doubt as to the identity of the subject matter to which the instrument relates. It is a familiar rule, of constant application, that courts give effect to all written instruments according to the ordinary popular meaning of the terms employed, when nothing appears to show they were used in a different sense, and no unreasonable or absurd consequences will result from doing so.

Applying the rule in question to the operative words of the deed under consideration, we are unable to discover any just ground for a difference of opinion with respect to their import.

The language used seems to be unusually specific and clear. The phrase, " fixtures, of every description, attached to said building, in said buildings and belonging to the same,"

does not indicate or describe two classes of fixtures, one attached and the other not attached to the building, as is supposed by appellants' counsel. If it had been intended to include both kinds of fixtures—as it is conceded there were but two—there was clearly no necessity or propriety in using the qualifying clause, "attached to said buildings," at all; for the two classes were already included and amply designated by the expression, "fixtures of every description."

On the contrary, but one class of fixtures is described by the phrase in question, namely, fixtures attached to the building,—and consequently, that class of fixtures, only, passed by the conveyance. The clause, "attached to the buildings," is clearly a limitation on the one which precedes it, and when taken together they manifestly mean the same thing as if written, "fixtures of every description which are attached to the buildings."

The record shows, that there was a variety of articles of the kind or class intended to be conveyed, namely: Such as were attached to the building; and the expression, "of every description," was doubtless used with reference to the variety of articles belonging to that class.

The expression, "in the buildings," simply points out the locality of the *attached* fixtures; and the clause, "belonging to the same," expressly excludes from the operation of the conveyance all fixtures not procured for or used in connection with the building as a business house.

It is true, as stated by counsel, that the term, "fixtures," is sometimes applied to articles not attached to the realty; yet, that fact can be of no consequence in arriving at its meaning, where the instrument in which it occurs, in express terms, speaks only of "fixtures *attached*" to a building. In such case there is really no room for construction.

Where, as in this case, the instrument speaks of fixtures attached to a particular building, to say that articles not attached are intended, is but to contradict the express terms of the instrument, and not to construe it.

The Appellate Court found, as a fact, as we have already seen, that a part of the articles in question were not attached to the building, and for these appellants were clearly liable. For the articles attached to the building they were not liable; but, as the record is silent as to the value of either class of articles, this court must presume that the circuit court, in assessing the plaintiff's damages, included only such items as the defendants were liable for. Or, in other words, this court must presume the judgment of the court below is right, where it does not affirmatively appear to the contrary.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*