## Bolton v. Huling et al.

1. CONTRACT—*Interpretation.*—Where a contract is clear and unambiguous in its terms, it is error for the trial court to admit evidence as to what was meant by the parties to it.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

N. M. JONES, attorney for appellant.

WALTER L. FISHER, attorney for appellees.

MR. PRESIDING JUSTICE SHEPARD, DELIVERED THE OPINION OF THE COURT.

On the 22d of January, 1890, appellees made a written proposition to appellant in relation to the purchase from him of two lots on Indiana avenue, Chicago, and the sale to him of one lot on State street, Chicago, as follows:

" We will give $37.50 per foot, cash, for lots 21 and 22, in block 4, Davidson's Sub. of Lots 7, 8, and part of 12, of Wilson, Heald and Stebbing's Sub. of the East ½ of the S. W. ¼ Sec. 15, T. 38 N., R. 14, being the 3d and 4th lots north of 63d street, west front on Indiana avenue. Title to be merchantable, and a merchantable abstract to be furnished brought down to date. .

E. C. HULING & Co."

"JANUARY 22d, 1890.

"We will furnish you lot (29) on State street, west front, in Jno. N. Wheeler's Sub. S. W. ¼, S. W. ¼ of S. W. ¼ of Sec. 10, T. 38, N., R. 14, located on State street between 54th and 55th, at $1,950, 25 x 160 feet or more, to alley.

E. C. HULING & Co."

On the back of the above written proposal, the appellant wrote as follows:

"I accept the within if title proves satisfactory.

JAMES BOLTON."

The sale to appellant of the State street lot was consummated in March following, he receiving a deed therefor from one Flanagan.

Upon examining the title to the Indiana avenue lots, two objections were discovered and insisted upon, one in the nature of a tax title, and another of an undivided ownership by a third party, in a part of the lots, which the appellant was unable, or unwilling, to remove, because of the large amount of money exacted by the holders of the adverse claims or titles.

The Indiana avenue lots were, together, fifty feet in width, which at the price per front foot named in the proposition, would equal $1,875, and the persons in whom were vested the interests outstanding and adverse to appellant's title, would not relinquish their claims to appellant for a sum of money, much, if at all, less than the entire purchase price he was to receive.

With those adverse interests outstanding, it can not be said that appellant could give to the purchaser a "merchantable" title, and the purchaser being, properly, unwilling to accept a less title, the appellant finally, and in October, 1890, declared he would go no further in executing the contract.

This suit was thereupon begun and resulted in a judgment against the appellant for $2,375, that sum being found by the court to be the difference in value of the lots between the date of the contract and the date of its breach, nine months afterward, and it is from that judgment this appeal is prosecuted.

Bolton v. Huling.

It is interesting, although irrelevant, to comment upon the fact that under the law, if appellant had executed and delivered, and the appellees had accepted, a warranty deed of the lots in question for the consideration to him paid in full, and subsequently his title had wholly failed, the measure of damages would have been the consideration paid with interest, whereas as held in this State, but not in England, for a breach of the contract to convey, no consideration whatever having been paid, the measure of damages is the difference in value of the premises between the date of the contract and of its breach, which, in this case, is a sum considerably in excess of what he would have been mulcted in had he given a deed and received the whole consideration.

It would seem in the interests of consistency as if the rule of law, in one case or the other, ought to be changed. We do not doubt, however, but the rule, as it is, as to the measure of damages, was correctly applied by the court.

The question is, was the proper construction of what the contract was, properly determined by the court.

We think not. The two propositions were submitted to the appellant at the same time and on the same paper. While either one was a complete proposition in itself, and was separable from the other, if the appellant had chosen to so treat it, they were both in fact accepted by him by the single acceptance written across the back of the paper containing them. His acceptance applied, so far as its terms indicated, as well to both as to either one. Had the propositions been written on separate sheets and submitted at different times, the identical words of acceptance employed by appellant would, if indorsed on each separate sheet, have been a good acceptance as applied to each proposition.

Nothing was lacking in the words of acceptance to make them complete, and for a breach he would have been as clearly liable on the one as on the other.

" If title proves satisfactory," is as applicable to his agreement to sell as to his agreement to buy.

A man may well say, I will buy your land if your title is satisfactory to me, and just as well may he say, I will sell you my land if my title is satisfactory to you.

It was his right to say, in the one case, I will not engage to tie myself up in a contract to buy your land unless your title proves satisfactory to me, and in the other case, I will not tie up myself or my land in a contract to sell you my land unless my title proves satisfactory to you.

It was commendable prudence on appellant's part to so guard himself, having in view the many disreputable practices in beclouding titles of which common knowledge exists, and the words he employed show clearly enough what his intention was. That both parties so understood it can most certainly be inferred from the action that was afterward taken with reference to each proposition. The language used by the appellant being clear and explicit, and the paper upon which it was written relating to both propositions, it was error for the trial court to admit evidence of what was meant by the parties. Such evidence being improperly in the record we should not look at it to determine whether the minds of the parties met upon any different interpretation to be given to the propositions and their acceptance.

Considered together, the propositions and the acceptance created a contract, or two contracts, clear and unambiguous in terms, that required no explanation, and no recourse to evidence in explanation thereof should have been admitted.

Upon the whole case the appellees were not entitled to recover, and the judgment of the Circuit Court should have been for the appellant.

The judgment will therefore be reversed and it is so ordered; and the case having been tried by the court below without a jury, we will enter final judgment here for the appellant upon a finding of the facts.