## James Bolton v. Edward C. Huling and Walter C. Huling.

1. ASSUMPSIT—*To Recover for a Breach of a Contract for the Sale of Lands.*—Assumpsit is a proper form of action for the recovery of damages for the breach of a contract for the sale of lands.

2. CONTRACTS—*For the Sale of Lands—When Offer to Pay Money Unnecessary.*—An offer to pay the money due, by the vendee in a contract for the sale of lands, is unnecessary where the vendor declines unconditionally to deliver the conveyance.

3. SAME—*For the Sale of Lands—Where an Acceptance is Unconditional.*—H. offered to sell B. certain lands at certain prices. B. accepted "if the title proves satisfactory." *It was held* that the acceptance was in legal effect unconditional.

4. TENDER—*Of a Deed, When Unnecessary.*—Under a contract for the sale of lands an offer to deliver a conveyance is not necessary where the vendee declines unconditionally to accept the title.

**Assumpsit**, on a contract for the sale of lands. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed October 10, 1900.

N. M. JONES, attorney for appellant.

WALTER L. FISHER and WILLIAM C. BOYDEN, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

This is an action in assumpsit brought by appellees, composing the firm of E. C. Huling & Company, to recover from appellant damages for breach of contract for the sale of certain lots of land in the city of Chicago. January 22, 1890, appellees made a proposition in writing to appellant, which, with the acceptance by appellant indorsed thereon, was as follows, viz:

" We will give $37.50 per foot, cash, for lots 21 and 22, in block 4, Davidson's Sub. of lots 7, 8 and part of 12, of Wilson, Heald and Stebbing's Sub. of the east ½ of the S. W. ¼ Sec. 15, T. 38 N., R. 14, being the 3d and 4th lots

north of 63d street, west front on Indiana avenue. Title to be merchantable, and a merchantable abstract to be furnished brought down to date.

E. C. Huling & Co."

"January 22d, 1890.

We will furnish you lot (29) on State street, west front, in Jno. H. Wheeler's Sub. S. W. ¼, S. W. ¼ of S. W. ¼ of Sec. 10, T. 38 N., R. 14, located on State street between 54th and 55th, at $1,950, 25x160 feet or more, to alley.

E. C. Huling & Co."

I accept the within if title proves satisfactory.

James Bolton."

The sale to appellant of the State street lot, as per said proposal, was consummated in March following.

The abstract of title to said Indiana avenue lots showed defects in the title. Appellant was informed of such defects and sought to cure them, but failed, at least in part. Interviews and correspondence continued until October, 1890, when appellees addressed to appellant the following letter, viz:

"Chicago, Oct. 22, 1890.

Mr. James Bolton.

Dear Sir : In reference to the contract entered into between you and us on the 22d of January, 1890, for the sale by you to us of lots 21 and 22, in block 4, in Davidson's subdivision of lots 7, 8 and part of 12 of Wilson, Heald and Stebbing's subdivision of the E. ½ of the S. W. ¼, 15, 38, 14, in Cook County, Illinois, we would respectfully inform you that we are still ready (as we have been ever since the examination by our attorneys of the abstract to said property furnished by you) to carry out our part of said contract. We have now waited a reasonable time in said matter, and at your request have given you every opportunity to carry out your part of the contract. We now demand a deed of said premises and are ready to pay you the purchase price therefor mentioned in said agreement, and must further ask you to at once definitely inform us whether or not you will perform your agreement and deliver said premises.

Respectfully,

E. C. Huling & Co."

Mr. Rudolph Matz, one of the attorneys who examined the title for appellees, testified that he delivered that letter

to appellant the day of its date; that appellant read it and said, " I can't carry out that contract;" that when asked for a definite answer as to whether he would carry out the contract or not, appellant replied: "Well, I won't." This is not denied by appellant. Mr. Matz also testified that during that conversation he told appellant that appellees had the money and were ready to turn it over the minute appellant would give a deed. This is denied by appellant. In reply to a question by the trial court, appellant said that he thought Mr. Matz demanded a deed.

Upon the trial a jury was waived, and the cause submitted to the court. The court found the issues for the appellees, and assessed their damages at $2,125; overruled a motion for a new trial and entered judgment upon said finding.

Upon a former trial of this case there was a judgment for $2,375, which was reversed and the case remanded by the Appellate Court of this district (Bolton v. Huling, 51 Ill. App. 591). It will be observed that by the closing sentence of said opinion judgment was to be entered in favor of appellant by the Appellate Court. This was changed and the case was remanded.

It is objected by appellant that assumpsit is not the proper form of action. The suit is to recover for a breach of contract, not for a tort. The form of action is well chosen. Counsel cites no authority sustaining his contention.

Counsel for appellant also contends that appellees are not the proper parties plaintiff. This point is based upon the fact that it was disclosed by the testimony that one Grassie had put up the money to make the first payment, and that appellees were to have the lots conveyed to him. The contract was made with appellees as principals, and no reason is stated by counsel or is apparent to us showing why this suit was not commenced by the proper parties. Indeed, this being a suit at law, it must be in the name of appellees, and to have brought it for the use of said Grassie would not have changed or affected the right of action and was not necessary.

It is next urged that " no offer to deliver the title to the lots was necessary in this case." If appellees had declined

Bolton v. Huling.

unconditionally to accept the title this would be correct. The counterpart of this proposition is also true, viz., that no offer to pay the money was necessary if appellant declined unconditionally to deliver a conveyance of said lots. We must assume that the trial judge found that appellees had not unconditionally declined to accept the title to said lots, and that appellant absolutely declined to carry out the contract. We concur in such findings.

Again it is urged on behalf of appellant that " The proposition and its acceptance were conditional, not absolute."

In support of this contention, counsel cite the opinion of the Appellate Court upon the former appeal to this case (51 Ill. App. 591). We can not follow that opinion. It is a correct proposition of law, as urged by counsel for appellant, that to constitute a contract for the sale of land by the acceptance of an offer to sell, the acceptance must be unconditional. Corcoran v. White, 117 Ill. 118; Middaugh v. Stough, 161 Ill. 312, 316.

The proposition in question referred to two proposed sales, one by appellant to appellees of lots fronting on Indiana avenue, and the other was that " we (appellees) will furnish to you " (appellant) a lot on State street. The acceptance indorsed upon the back of said proposition and signed by appellant is in these words : " I accept the within if title proves satisfactory." If the proposition had been only for a proposed sale of the State street lot to appellant, the acceptance would have been conditional (Corcoran case, *ante*), and neither the appellees nor the party represented by them when they said, " We will furnish you lot on State street," could have enforced performance by appellant without having assented to the condition.

In construing a contract the court will take into consideration the situation of the parties at the time it was entered into, the property which is the subject-matter of the contract, the surrounding circumstances, and the intention and purpose of the parties in making the contract, and such intention will be carried into effect, so far as the words employed and the rules of law will permit.    M. & M. Ry. Co.

v. Juvey, 111 U. S. 584, 592; Canal Co. v. Hill, 82 U. S. 94; Rice & Co. v. Weber, 48 Ill. App. 573, 579; Lynch v. Scroth, 50 Ill. App. 670; Hoerath v. Hogan, 41 Ill. App. 472; Robinson v. Stow, Admx., etc., 39 Ill. 568, 572; Stettauer v. Hamlin, 97 Ill. 312, 318.

Applying that rule of construction, and under the facts and circumstances appearing in the case at bar, said acceptance must be regarded as several, when considered in connection with the two proposals to which it refers. The first proposal, which is in form for the purchase by appellees themselves of the Indiana avenue lots, states the title to be furnished, and in the manner in which the title is to be shown, that is, it specifies a merchantable title and a merchantable abstract is to be furnished by appellant " brought down to date." If appellant had furnished such an abstract and offered such a title, appellees would have been bound to consummate the purchase. It was not a question of whether the title should be " satisfactory " to appellees, but was it a " merchantable" title.

The second proposal indicated on its face that appellees were not the owners of the State street lot, but that they would "furnish" the lot, that is, they would cause it to be conveyed to appellant. Nothing is said in the second proposal about the title, or an abstract of title. The most natural and the proper thing for appellant to say in accepting that proposal was, yes, I will accept that offer " if title proves satisfactory."

There was no occasion for appellant to make that reservation or conditional acceptance as to the lots he was selling. It is such a condition as a purchaser, not a seller, would ordinarily impose. Appellees had protected themselves as to the title which they proposed to purchase. But they said nothing in the proposal as to the title to the State street lot which they proposed to appellant that he should buy. The proposals were on the same piece of paper. Appellant wrote his acceptance on the back of that paper. Without regard to the testimony as to what was said at the time appellant indorsed his said acceptance upon the

back of said paper, and upon careful consideration, we are of opinion that the condition " if title proves satisfactory" was at the time intended and understood to apply to the State street lot only.    Also that said acceptance was unconditional as to said Indiana avenue lots.    That the parties regarded said proposals and acceptance as separate and distinct, is evidenced by the fact that the sale of the State street lot to appellant was consummated soon after said proposal was accepted by appellant.

But if it be considered that said acceptance "contains ambiguous words, or words of doubtful construction" it should be construed most strongly against appellant.    Massie v. Belford, 68 Ill. 290; Sanger v. Nadlehofer, 34 Ill. App. 252, 261; Schmohl v. Fiddeck, 34 Ill. App. 190, 198; Norton v. Brophy, 56 Ill. App. 663; Chicago Sugar Ref. Co. v. Armington, 67 Ill. App. 539.

Under such circumstances he will not be heard if he complain at such construction and it may be presumed that appellees understood and construed said acceptance when made by appellant as referring only to the State street lot, when it said " if title proves satisfactory."

But suppose for a moment that the contention of counsel for appellant be correct, i. e., that said "acceptance was conditional and not absolute."    Then, if appellees agreed to the condition contained in the acceptance, the contract became complete and binding.    That appellees did assent to the terms of said acceptance can not, upon the evidence before us, be fairly questioned.    We have not observed, if it appears in the abstract of record, the date when the abstract of title to the Indiana avenue lots was furnished by appellant, but it was prior to March 28, 1890, the date of the attorney's opinion of title upon an examination of such abstract of title.    There were, as before stated, numerous interviews and letters between appellant and his agents on one side, and appellees and their attorney on the other side.    Finally said Matz delivered to appellant said letter October 22, 1890, and received his reply that he would not give a deed, and two days thereafter this suit was commenced.

By said letter of October 22, appellees formally demanded a conveyance by appellant of said Indiana avenue lots without condition or question as to the title thereto. Said letter was, in law, a waiver of all objection to the title, and a demand by appellees for a compliance by appellant with the terms of the contract. But appellant declined, unconditionally, to perform on his part.

The last point made by appellant is, that even if appellees are entitled to recover, the damages are excessive. This contention can not be sustained. As we understand the law, the unconditional refusal of appellant, October 22, 1890, to perform said contract on his part, rendered unnecessary a tender on the part of appellant of the contract price of said lots. As we understand the testimony, October 22, 1890, was the first time when either party refused to perform said contract. That is the date fixed by the trial judge, and very properly so, to be considered in ascertaining the amount of appellees' damages. It is not contended that the testimony does not sustain the finding, if the date thus fixed by the court is the proper one. It is $250 less than the amount of the judgment upon the former trial.

Perceiving no error which would justify a reversal, the judgment of the Circuit Court is affirmed.