508

Miriam P. Espenschied, Appellee, v. Oswald K. Yeager, Appellant.

Gen. No. 8,840.

Opinion filed January 14, 1935.

GUNN, PENWELL & LINDLEY, of Danville, for appellant.

ACTON, ACTON & BALDWIN, of Danville, for appellee; W. M. ACTON, of counsel.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

This is an action of assumpsit brought by the appellee against appellant for the balance due on a contract for the sale of 121 shares of stock in the Danville Lumber Company, and for the sum of $1,000 due appellee from said corporation. A demurrer to appellee's declaration was overruled and a special plea filed by the appellant. Later a demurrer to the special plea was sustained and the appellant elected to stand by his plea. Thereupon judgment was entered by the court in favor of the plaintiff for the sum of $7,129, being the balance due on the contract. From that judgment appellant prosecutes this appeal.

The declaration consisted of one count and alleged that appellee on March 5, 1930, entered into a contract with appellant wherein the parties agreed that if a certain other proposed agreement with one Don Wilson, a trustee, relating to the liquidation of the business of the Danville Lumber Company, was carried out, the appellant would purchase of the appellee 121 shares of stock in said company for the sum of $8,500 and would also pay appellee the sum of $1,000 for an indebtedness due her from the said Danville Lumber Company.

The declaration then alleges that prior to the execution of the proposed agreement with Don Wilson, trustee, referred to in the contract under date of March 5, 1930, the said Don Wilson, trustee, entered

into a contract with appellant, appellee and Ralph E. Lauten, who were the owners of 242 out of a total of 243 shares of stock in the Danville Lumber Company, whereby it was provided that in consideration of the said Don Wilson, trustee, paying to the Danville Lumber Company a sum of money for the purchase of all of the equipment, lumber and building materials from the lumber business of said company, the other parties to the contract would as soon as was reasonably possible have the affairs of the Danville Lumber Company dissolved and wound up as provided by law, and before its dissolution would have it convey all the real estate owned by the company, subject to a certain covenant real to be specified in the liquidating contract.

The declaration further alleges that on March 7, 1930, the said Don Wilson, as trustee, entered into a contract with the Danville Lumber Company, agreeing to purchase all the equipment used by said company in carrying on its lumber business, except coal and coke, for the agreed purchase price of $6,000; that the agreement further provided that all of such equipment should be conveyed free and clear of all liens and incumbrances, and that the Danville Lumber Company should as soon as reasonably possible be dissolved; and that the real estate of said company should not, for a period of 15 years from that date be used for the sale of lumber, mill work or building materials and that before the dissolution of said company it would cause said real estate to be conveyed by a conveyance containing a covenant real running with the land, providing for restrictions on the use of said premises in the lumber business for the period of 15 years.

The declaration then alleged that the contract between Don Wilson, trustee, and the Danville Lumber Company had been fully executed; that the proposed liquidation of said business referred to in said agreement had been fully carried out and the stock of lumber and building materials of said company, except

coal and coke duly transferred to and received by Don Wilson, trustee.

The declaration also alleges that at the time the contract sued upon was entered into, there were outstanding 243 shares of stock of the Danville Lumber Company; that appellant was the owner of 111 shares and with the stock purchased from appellee under said contract would be the owner of more than two-thirds of the capital stock of said corporation; that on November 16, 1932, appellee called a meeting of the stockholders of the corporation and urged the adoption of resolutions providing for the conveyance of the real estate as required by the contracts of March 6, 1930, and March 7, 1930, and also providing for the taking of steps to dissolve the Danville Lumber Company, but that appellant announced that he would not vote for such resolutions.

The declaration also avers that after the sale of the lumber and building materials to Don Wilson, trustee, the coal and coke and other property of the Danville Lumber Company was taken possession of by appellant and R. E. Lauten, and afterwards those two parties together with their wives formed a corporation, known as the Ralph E. Lauten Company, for the purpose of buying and selling coal and the capital stock of said corporation was paid up by the payment to them of goods on hand and the real estate owned by the Danville Lumber Company.

The declaration concludes by alleging that the appellee has at all times been ready, willing and able to perform the contract on her part; that the stock had been tendered to appellant; that appellant had paid on said contract $3,740 but nothing further.

The special plea of appellant to the declaration stated substantially that the contract between the parties only became effective upon condition that the contracts of March 6 and March 7, 1930, were fully executed and carried out, and could only become in full force and

effect when the liquidation and dissolution of the Danville Lumber Company had been fully completed; that the appellant was under no obligation to pay the balance due the appellee until the Danville Lumber Company was fully liquidated and the corporation dissolved according to law and until the real estate of the company had been conveyed containing the restrictions mentioned in the contract. The plea further stated that the liquidation of the company had not been carried out; that it was still indebted on a certain mortgage indebtedness in the sum of $8,000; that the Danville Lumber Company had not been dissolved and wound up as provided by law; that all of the indebtedness of the said company which might become a lien against any part of the property sold to the said Don Wilson, trustee, had not been discharged and that therefore the conditions under which appellant was to pay appellee had not been performed and that no liability thereunder had accrued to the appellee.

The main controversy in the case arises over the construction of the contract between the parties dated March 5, 1930, and the so-called liquidation contract of March 7, 1930.

The first three paragraphs of the contract sued upon are as follows:

"That the party of the first part is the owner of 121 shares of the common stock of the Danville Lumber Company, a Corporation, doing business at No. 436 North Gilbert Street, Danville, Illinois, and that the business of said Company is about to be liquidated.

"That the party of the second part is desirous of acquiring the said 121 shares of such common stock now owned by the party of the first part, if the proposed agreement with Don Wilson, Trustee, for the liquidation of such business is carried out.

"Now, Therefore, it is agreed between the parties hereto, that if such proposed liquidation is carried out, the party of the second part will buy from the party

of the first part and the party of the first part will sell to the party of the second part, the said 121 shares of the common stock of the Danville Lumber Company for the sum of $8500.00 payment to be made in the manner hereafter recited."

The sixth paragraph is as follows:

"That on or before 60 days from this date the party of the second part will pay to the party of the first part not less than $3500.00 on the purchase price thereof; providing, however, that the contract for the liquidation of such business with the said Don Wilson shall have been executed within such time.

The contract concluded with the following:

"It is further agreed between the parties hereto that when such payments shall be fully made, the party of the first part will transfer to the party of the second part, by good and valid assignment, the said 121 shares of the common stock of the Danville Lumber Company, free and clear of all liens of every kind and character."

The principal provisions of the contract, dated March 7, 1930, between Don Wilson, trustee, party of the first part, and the Danville Lumber Company, party of the second part, are as follows:

1. Party of the second part agrees to sell and party of the first part agrees to purchase all of the trucks, machinery, motors, tools and other items of property of the Danville Lumber Company mentioned in a certain list submitted by the party of the second part to party of the first part.

2. Party of the first part agrees to buy and party of the second part to sell all lumber and building materials except coal and coke.

3. First party agrees to pay $6,000 upon the signing of the agreement, which money shall be deposited in a special account.

4. "Party of the second part shall have and conduct all proper meetings of its stockholders and direc-

tors, pass all resolutions and take all legal steps required by law, authorizing the sale of the property herein set forth, and the execution of this agreement, and that the said Danville Lumber Company, a corporation, shall as soon as reasonably possible be dissolved.''

5. That the equipment and merchandise be conveyed to the first party free and clear of all liens and incumbrances and in compliance with the Bulk Sales Law.

6. That the real estate of the second party will not for a period of 15 years be used by the second party either directly or indirectly for the sale of lumber, mill work building material etc.

7. That before the dissolution of the party of the second part, its real estate shall be conveyed by a deed containing a covenant real running with the land which covenant is set forth in the contract.

8. ''The party of the second part further agrees that all of its indebtedness which might become a lien against any of the property herein agreed to be sold to the party of the first part shall be fully paid and discharged.''

It is the contention of appellant that the contract sued upon is conditioned upon the proposed agreement with Don Wilson, trustee, for the liquidation of the business of the Danville Lumber Company being carried out, which means a dissolution of the corporation, the payment of its indebtedness, the conveyance of the real estate containing the covenant real running with the land, before he is obligated to pay the balance due upon the purchase of stock from appellee.

Appellee contends that the contract sued upon was conditioned only upon the lumber business of the corporation being liquidated in accordance with a proposed agreement with Don Wilson, trustee, and not conditioned upon the final dissolution of the corporation. It is a well established rule of construction that

in construing a written contract the court will endeavor to place itself in the position of the contracting parties, and read the instrument in the light of the circumstances surrounding them, at the time it was made and of the objects which they then evidently had in view so that the court may understand the language used in the sense intended by the parties using it. *Close v. Browne,* 230 Ill. 228. Also that courts will give effect to all written instruments according to the ordinary popular meaning of the terms employed when nothing appears to show they were used in a different sense and no unreasonable or absurd consequences will result from doing so. *Stettauer v. Hamlin,* 97 Ill. 312. The rule is elementary that in the construction of a contract it must be found from the contract itself, if that can be done, what the true intention of the parties was at the time they entered into it and in doing this every part of the contract must be considered and given effect, if possible. No part will be rejected unless it is necessary so to do in order to prevent a defeat of the purposes sought by the parties to the contract. *McLean County Coal Co. v. Bloomington,* 234 Ill. 90. In construing a written instrument the great object is to arrive at the intention of the parties. *Peoria & Pekin Union Ry. Co. v. Tamplin,* 156 Ill. 285. The entire instrument, whether on one piece of paper or on several, and all writings on the same subject, when referred to and made a part of said contract should be considered in interpreting each particular part. *Sexton v. City of Chicago,* 107 Ill. 323. Greater regard must be had to the clear intent of the contract than any particular words used therein. *Torrence v. Shedd,* 156 Ill. 194.

Applying these tests to the contract sued upon in this case we cannot believe that it was the intent of the parties that the sale of the stock and payment of the amount specified was conditioned upon the final dissolution and the winding up of the affairs of the Dan-

ville Lumber Company. The contracts themselves and the allegations of the pleadings disclose that appellant desired to purchase the stock of appellee provided Don Wilson, trustee, took over the lumber and building material business of the Danville Lumber Company. This was subsequently done, all the provisions of the Bulk Sales Law were complied with, the title to the property sold to Wilson, trustee, was delivered to him clear of all liens and incumbrances, and payment made therefor. We believe it is a strained construction of the contract to say that the contract between appellant and appellee was not to be in force and effect until the corporation was finally dissolved, or until the mortgage indebtedness on the real estate was fully paid and the conveyance made containing the restriction required by the contract.

It is our judgment that the circuit court of Vermilion county properly sustained appellee's demurrer to the special plea of the appellant, and that the judgment of that court should be affirmed.

*Affirmed.*