# WILLIAM H. OVINGTON

### *v.*

# GEORGE W. SMITH *et al.*

1. INJUNCTION BOND — *undertaking of surety strictly construed.* The undertaking of a surety on an injunction bond must be strictly construed, and he can not be held liable beyond the precise terms of his undertaking.

2. An injunction bond was given to two parties, who were enjoined, and the condition was, that the obligors should pay to said two parties all damages that might be awarded against the complainant on the dissolution of the injunction, and the injunction was dissolved as to one of the defendants, and damages assessed in his favor against the complainant. In a suit brought on the injunction bond against the surety, to recover the amount of the damages so assessed, it was *held*, he was not liable, his undertaking being to pay to the two parties damages upon the dissolution of the injunction as to both of them, and not to one upon the dissolution of the injunction as to him alone.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. S. F. NORTON, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

George W. Smith and Daniel D. Schrœder, who sue for the use of Daniel D. Schrœder, brought this suit against William H. Whitty and William H. Ovington, on an injunction bond, executed by the latter to the former.

The condition of the bond, after reciting that Whitty has filed his bill in the Superior Court of Cook county, against George W. Smith and Daniel D. Schrœder, praying, among other things, to restrain them from selling, transferring, or removing the goods, etc., from a certain store, upon which the court had ordered the writ of injunction to issue, etc., is as follows :

"If the above bounden William H. Whitty and William H. Ovington, their executors, administrators, or any of them, shall and do, well and truly, pay or cause to be paid to the said George W. Smith and Daniel D. Schrœder, their heirs, executors, administrators or assigns, all such costs and damages as shall be awarded against the said complainant Whitty, in case the said injunction shall be dissolved, then the above obligation to be void," etc.

It is alleged in the declaration, and was proved on the trial, that the injunction was dissolved, as to Schrœder, on the 14th of April, 1873 ; that upon his filing suggestions of damages, the court awarded him as damages, against Whitty, the sum of $500.

No other proof of damages was given, and the question is, was the judgment against appellant, for the damages thus awarded, proper?

We are of opinion it was not. Appellant's undertaking, as has been seen, was to pay Smith and Schrœder such damages as should be awarded against Whitty, upon dissolving the injunction. The injunction was not dissolved (as against Smith it continued in force), and there was no undertaking to pay Schrœder such damages as he should sustain upon dis-

solution of the injunction as to him alone. Appellant's undertaking, as surety, is to be strictly construed, and he can not be held liable beyond the precise terms of his undertaking. *Waters* v. *Simpson,* 2 Gilm. 570; *Sharp* v. *Bedell,* 5 id. 88; *Miller* v. *Stewart,* 9 Wheaton, 680.

The judgment is reversed.

*Judgment reversed.*