### E. J. Magerstadt, Sheriff, et al., v. Lottie E. Schaefer.

1.  HUSBAND AND WIFE—*Wife May Make Her Husband Her Agent Without Imperiling Her Property.*—A wife acting in good faith is not obliged to resort to strangers to transact her business, but may make her husband her agent without imperiling her property.

2.  SAME—*Increase of Wife's Investments is Her Property.*—Property in the husband's hands belonging to the wife can not be taken for the debts of the husband.    All the legitimate increase and outgrowth of the investment are as absolutely hers as is the original capital.

3.  SAME—*A Question of Fact Whether He is Carrying on a Business as His Own or Managing it for His Wife.*—It is a question of fact, to be determined from all the circumstances of the case, whether the hus-

Magerstadt v. Schaefer.

band was carrying on a business as his own, or was managing it for his wife.

4. DEBTOR AND CREDITOR—*A Judgment Creditor is Not a Purchaser —Liens.*—A judgment creditor is not a purchaser. When he has levied upon property under an execution issued upon his judgment, he parts with nothing in exchange for the property, nor does he take it in satisfaction of a precedent debt; he has a lien upon the interest of the debtor only, and he is bound to yield to every equitable claim which exists in third persons.

5. CHANCERY PRACTICE—*Weight to be Given to the Chancellor's Finding on a Trial Without a Jury.*—Where a case in equity is heard by the chancellor without the intervention of a master, his finding will not be reversed upon questions of fact by a court of review unless it is clear and palpable that he fell into error.

Bill for an Injunction.—Appeal from the Superior Court of Cook County: the Hon. JESSE HOLDOM, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 26, 1903.

F. P. READ, attorney for appellants.

ROGERS & MAHONEY and CHILTON P. WILSON, attorneys for appellee.

A wife can make her husband her agent to handle her property without subjecting the property or the earnings from her property to the claims of her husband's creditors. Mali v. Spencer, 186 Ill. 363; Lachman v. Martin, 139 Ill. 450; Mink v. Crilly, 22 Ill. App. 542.

Stock held in trust by husband or held in trust in any way can not be subjected to the debts of the trustee. Mowry v. Hawkins, 57 Conn. 453; Hitchcock v. Galveston Wharf Co., 50 Fed. Rep. 263; Klein v. New Orleans, 99 U. S. 149; Smith v. C., C., L. & S. Co., 30 La. Ann. 1378; Pitot v. Johnson, 33 La. Ann. 1286; 1 Cook on Stock & Stockholders, Sec. 484.

The owners of the judgments did not become *bona fide* holders for value of the stock by levying executions on the stock. Schweizer v. Tracy, 76 Ill. 345.

Creditors of the husband are bound to take notice as to who is the owner of personal property in his possession. Rice v. Millard, 42 Ill. App. 282.

Where the evidence shows the property was bought with

the wife's money and the title is taken in the husband's name, such property is not liable for husband's debts. Van Dorn v. Leeper, 95 Ill. 35; Tomlinson v. Matthews, 98 Ill. 178; Alsdurf v. Williams, 196 Ill. 244; Primmer v. Clabaugh, 78 Ill. 94; Bennett v. Stout, 98 Ill. 47.

MR. JUSTICE BALL delivered the opinion of the court.

Appellee filed a bill alleging that she is the owner of forty shares of the stock of the Joliet Bill Posting Co.; that said shares stood in the name of her husband, P. F. Schaefer, so that he might act as her agent and trustee, but that he had no other interest therein; that November 21, 1901, she tendered the certificates for such stock to said company and demanded new certificates in her name in lieu thereof, but that said company refused her request; that defendant Magerstadt, sheriff, has attempted to levy executions upon said stock, which executions were issued upon certain judgments recovered by Aldis et al. v. Andrew McAnsh and said P. F. Schaefer; that defendant Hiller claims to own such judgments, and that since filing her original bill she has sold such stock, along with forty shares of the North Shore Advertising Company, to R. J. Gunning, and all of said certificates are held *in escrow* pending this suit. Prays for injunction against the sheriff from selling the stock, and against Hiller from endeavoring to collect the judgments out of said stock.

Appellee also filed a bill concerning forty shares of the North Shore Advertising Company. In all essential particulars the bills are similar.

The answer of Hiller in each case sets up four judgments obtained in 1895 and 1896 by Aldis and others against Andrew McAnsh and P. F. Schaefer; the assignment of said judgments to him; the issuance of executions thereon, and the levy of the same upon such shares of stock, claiming that the stock was issued to, paid for and owned by said P. F. Schaefer, and denies the title of appellee to said stock.

The answers of the advertising companies set up the levy

Magerstadt v. Schaefer.

of the executions upon the stock, and submit their interests to the court.

The answers of the sheriff recite the delivery of the executions to him as such official, and his levy of the same upon said stock. A temporary restraining power was entered in each case. By an order entered March 31, 1902, these two causes were consolidated " for all purposes." They were afterward heard as one cause, all evidence being presented to the chancellor in open court.

The decree of the court found that forty shares of stock in each company had always been, and are now, the individual property of complainant; each corporation is severally ordered to transfer said stock to her within three days; the lien upon said stock caused by the levy of said executions is removed, and is declared to be null and void, and the sheriff is perpetually enjoined from enforcing said levy, or from selling said stock; and the two corporations and Hiller are ordered to pay the costs.

It appears from the evidence that the judgments upon which the executions were issued were entered in 1895 and 1896 against one Andrew McAnsh and P. F. Schaefer, the husband of appellee. The two defendants in these judgments had defaulted in the payment of the rent of certain rooms in the Equitable Building in Chicago, which they had leased for a buffet and cigar stand.

Neither of the corporation defendants in the court below was chartered until December, 1900. It follows from these dates that credit for the indebtedness out of which these judgments grew was not given because these stocks stood in the name of the husband. It is not claimed by appellant that either appellee or her husband made any representations as to the ownership of the stock in any of the companies named to any person interested in these judgments or in the indebtedness out of which they grew. It is not denied but that the books and records of these corporations show these stocks were largely, if not entirely, carried in the name of the husband, and that in the corporate affairs he acted as if he were the owner thereof.

There is evidence tending to show that appellee married P. F. Schaefer in 1882; that her father then presented her with $10,000, and in 1893 gave her $9,000 more; that in 1890 the Chicago Bill Posting Company was incorporated, into which she put, in all, about $21,000, her husband contributing nothing; that in January, 1894, certificates were issued to her of 198 shares out of a total of 200 shares in said corporation; that her husband was active in the management of the company, but did so as her agent; that in 1899 the assets of this company were absorbed by the "American Posting Service," and that 166 6-10 shares of the latter corporation were issued for her benefit, but in the name of P. F. Schaefer; that the Joliet Bill Posting Company was organized December, 1900, and forty shares of its stock was issued in the name of her husband, but paid for with her money (from dividends on the "American Posting Service") and transferred to her by delivery before the levy in this case; that the North Shore Advertising Company was also formed in December, 1900, and forty shares therein were issued in the name of P. F. Schaefer, but paid for with her money, except the sum of $600, for which the stock was pledged at the time of the levy herein, but which sum she afterward paid and the stock was then delivered to her.

Appellee never took an active part in the management of any of these companies. Her husband was an officer in each of them and in receipt of a salary therefrom.

Appellee had the right to come into a court of chancery to show, if she could, that she was equitably the owner of the stock upon which these executions had been levied. She is not precluded from so doing by the fact that she employed her husband as her agent, or allowed him to hold her stock in his name upon the books of the corporation in order that he might represent her interests. "A wife acting in good faith is not obliged to resort to strangers to transact her business, but may make her husband her agent without imperiling her property." Mali v. Spencer, 186 Ill. 363. If the property belongs to the wife, it can not be taken for the debts of the husband, and all the increase

and legitimate outgrowth of the investment are as absolutely hers as is the original capital. Alsdurf v. Williams, 196 Ill. 244, and cases cited.

A judgment creditor is not a purchaser. When he has levied upon property under an execution issued upon his judgment, he parts with nothing in exchange for the property, nor does he take it in satisfaction of a precedent debt; he has a lien upon the interest of the debtor only, and he is bound to yield to every equitable claim which exists in third persons. Schweizer v Tracy, 76 Ill. 350.

It is a question of fact, to be determined from all the circumstances of the case, whether the husband was carrying on this business as his own, or was managing it for his wife. A review of the whole evidence shows that it is conflicting upon the vital points here involved. The cause was heard by the chancellor in open court. The witnesses were before him. He listened to what they said and observed their demeanor while on the stand. Hence he could better judge of their credibility and the weight to be given to their testimony than can we from the printed page. If he believed appellee and her husband, there is ample evidence in the record to sustain this decree. Where a cause in equity is heard by the chancellor without the intervention of a master, his finding will not be reversed upon questions of fact by a court of review, unless it is clear and palpable that he fell into error. Polarek v. Gordon, 102 Ill. App. 357; Higgins v. Wisner, 170 Ill. 220; Mayrand v. Mayrand, 194 Ill. 49; Hutchinson v. Hutchinson, 196 Ill. 432; Arnold v. N. W. Telephone Co., 199 Ill. 204.

The decree of the Superior Court is affirmed.