### Lottie E. Schaefer v. The American Bonding & Trust Company of Baltimore City.

#### Gen. No. 13,483.

1. BOND—*how condition of, enforced.* The condition of a bond is to be enforced according to its intent as shown by the language employed.

2. BOND—*when does not authorize recovery of interest upon bond held in escrow.* An appeal bond conditioned "to pay the amount of costs, interest and damages rendered and to be rendered" does not cover interest upon a sum of money held in escrow.

Action of debt. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed November 11, 1907.

ROGERS & MAHONEY and CHILTON P. WILSON, for appellant.

F. P. READ, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court sustaining a general and special demurrer to the amended declaration and for costs against appellant.

The action is debt upon an appeal bond given in the consolidated cases of appellant, Lottie E. Schaefer v. Joliet Bill Posting Co. et al., and Lottie E. Schaefer v. North Shore Advertising Company et al., to review in this court a decree entered by the Superior Court in chancery in favor of appellant.

The bond is in the usual form of such appeal bonds, the penal condition of it being as follows: ''Now, therefore, if the said William B. Hiller shall duly prosecute his said appeal with effect, and, moreover, pay the amount of costs, interest and damages rendered and to be rendered against him in case the said decree shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue.''

The decree of the Superior Court appealed from found appellant to be the owner of forty shares of stock in the Joliet Bill Posting Company, and also a like owner of forty shares of stock in the North Shore Advertising Company, and enjoined the sheriff of Cook county from selling either of said forty shares of stock under certain executions against her husband, and also ordering the corporations to make a transfer of said shares to R. J. Gunning, to whom appellant had sold them for $3,453.32. Pending the appeal to review said decrees the purchase price had been deposited in escrow to be paid to appellant upon the affirmation of said decrees by this court. Appellant sought to recover on said bond in said suit in debt interest upon the sum of $3,453.32 from the date of the decrees; all the costs of the appeal from said decrees having been paid and satisfied. The decrees of the Superior Court were affirmed by this court in Magerstadt v. Schaefer, 110 Ill. App. 166, and the order of affirmance by this court on further appeal to the Supreme Court was sustained, as appears from the court's opinion in 213 Ill. 351.

The right of recovery is limited within the condition of the bond. We are not at liberty to depart from

it to ascertain the claimed intention of the parties. Such intention must be adjudged to be expressed in the bond itself, which is the contract of the parties and alone binds them. The controlling condition is "to pay the amount of costs, interest and damages rendered and to be rendered." We find no averment in the declaration in the record of any finding or judgment for damages against any of the defendants in the chancery suits either in this or the Superior Court. There is no condition in the bond that interest shall be paid upon the amount placed in escrow by Gunning for the use of appellant, and it is obvious that we are not at liberty to enlarge the obligation of the bond to include it. The interpretation of the language of the bond must be confined to the usual and ordinary meaning of the words used.

McWilliams v. Morgan, 70 Ill. 62, is in principle similar to the case at bar, and necessarily of controlling force. It was there said: "No judgment was there rendered, either in the circuit or this court, that the appellant recover, as a part of his damages, the rental value of the real estate, and unless such damages were so 'rendered or to be rendered against them' in case the decree was affirmed, the obligors of the bond are not bound for the payment."

If for "rental value of the real estate" is substituted "interest upon the Gunning purchase money held in escrow," the case here presented is by analogous reasoning there decided.

The declaration did not state any facts proof of which would entitle appellant to recover the interest claimed as damages due under the condition of the bond sued upon. The demurrer was therefore well taken in law and in sustaining the same the learned trial judge did not err.

The judgment of the Superior Court is therefore affirmed.

*Affirmed.*