## Thomas John et al., Appellees, v. Walter Worthen et al., Appellants.

1. INDEMNITY, § 9*—*when bond not construed to cover past delinquencies.* An indemnity bond will not be construed retroactive in effect or to cover past delinquencies unless it in terms states it is to have such effect.

2. INDEMNITY, § 9*—*when language of bond insufficient to cover past defalcations.* Where a bond given to indemnify sureties on a bond of a county clerk states that if the obligor will save and keep harmless the said county clerk and his sureties from all loss and damage and from payment of any sum of money on account of them or any of them being sureties upon the bond of said county clerk, *held* that the language of the bond did not make the obligor and his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sureties liable for shortages of the county clerk which occurred before the bond was executed.

3. INDEMNITY, § 24*—*evidence admissible to prove discharge of obligor in indemnity bond.* In an action on a bond given by defendants to indemnify the plaintiffs as sureties on another bond against any loss resulting from defaults of their principal, evidence tending to show that the plaintiffs for a valuable consideration released and discharged their principal from any further liability so far as they were concerned and that they agreed to assume the liability themselves, *held* admissible on the ground that the effect of such an agreement would discharge the defendants.

Appeal from the Circuit Court of Jackson county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded with directions. Opinion filed July 28, 1914.

JOHN M. HERBERT, L. R. STEWART and H. CLAY HORNER, for appellants.

MARTIN & GLENN, for appellees.

MR. JUSTICE McBRIDE delivered the opinion of the court.

This was an action brought by the appellees against the appellants upon an indemnifying bond and at the conclusion of the evidence the court directed a verdict for the plaintiffs. The defendants prosecute this appeal.

It appears from the record in this case that Dan Bower was county clerk of Jackson county; that he was totally blind and had been in that condition for six or seven years, and for some time prior to July 1, 1910, one Zardia Crain had been acting as deputy county clerk for Mr. Bower; that Walter Worthen, who had been a clerk in the office for some time, was appointed deputy clerk, taking the place of Zardia Crain, and on August 13, 1910, the appellants executed and delivered to the appellees a bond in the penal sum of $5000, payable to the appellees, conditioned, that if the said Walter Worthen, who has been appointed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

deputy county clerk, shall save and keep harmless the said Thomas John and the other appellees, and each and all of them from all loss and damage and from the payment of any sum of money on account of them or any of them being sureties upon the bond of Dan M. Bower as county clerk, and if the said Walter Worthen shall well and truly perform the duties of said office of deputy county clerk, and shall turn over all moneys which may come into his hands by reason of his said office then this obligation to be void. A short time prior to the appointment of Worthen as deputy county clerk it had been ascertained that a shortage of about $325 existed in said office, which was known to Worthen, but it appears and is claimed by the appellants that the $325 was not the full amount of shortage at that time but there was then a shortage of over $1,400, and later on more was discovered and suit was instituted against Dan M. Bower and the appellees as sureties upon the bond of the county clerk, and judgment recovered against them for $2,843.99, which they claim to have paid. This suit is instituted upon the bond in question for the purpose of recovering the amount that appellees were compelled to pay by reason of having been sureties upon the bond of Dan Bower. It is claimed by appellees that the provision of the bond, to wit: "Shall save and keep harmless the said Thomas John et al., and each of them from all loss and damage and from the payment of any sum of money on account of them or any of them being sureties upon the bond of Dan M. Bower as County Clerk, etc.," creates a liability upon the part of Walter Worthen and his sureties to refund to appellees the amount paid out by them, and the court having adopted this view of the law directed a verdict for the appellees for the full amount claimed. It was claimed by appellants upon the trial of the case that the said Dan M. Bower became a defaulter before they executed the bond in question, and that all or most of the shortage existed prior

to the time of the making of said bond by appellants.

The declaration was in the usual form and the breach assigned was that on November 15, 1906, appellees with others became sureties of the said Dan M. Bower on his official bond as county clerk of the county of Jackson; that said Bower did not keep and observe the conditions of his said bond as county clerk but therein made default and neglected to account for and turn over large sums of money due from him to the county of Jackson, and that a suit was instituted upon the bond of the said Dan M. Bower and appellees as sureties and judgment recovered for $2,843.99. To this declaration appellants filed several pleas: First. That the writing obligatory sued upon was executed and delivered without any consideration. Second. That the supposed writing obligatory was procured by fraud on the part of the obligees and that the appellants were designedly and fraudulently induced to execute the bond sued upon. The third plea alleges that the obligees in the bond knew that the said Bower was a defaulter and that a fraudulent scheme and conspiracy was formed and appellants tricked into the signing of this bond. The fourth plea alleged that prior to the institution of the suit herein that a settlement was made by the appellees with Dan M. Bower, by which they assumed all further liability upon said bond and released the said Bower from all liability to them as such sureties. Thereafter an additional plea was filed averring that the shortages, defaults and failures of Dan M. Bower accrued prior to the making of the bond sued upon. The third and fourth additional pleas aver payments. The demurrer was sustained to the second additional plea. Upon these pleas issues were formed and the cause tried.

A number of errors have been assigned as having occurred during the trial of this case. The principal one, however, arises upon the admission of evidence and the striking of the first additional plea from the

files. During the progress of the trial appellants offered to prove that the shortage sought to be recovered, at least a part of it, occurred prior to the execution of the bond sued upon, as averred in the first additional plea. This testimony was objected to, the objection sustained and the evidence excluded from the consideration of the jury. At the close of all of the evidence the court, upon motion of counsel for appellees, struck appellants' first additional plea from the files upon the ground that it did not present a material issue. This plea, in effect, avers that the loss and damage sued for and set forth in plaintiffs' declaration were incurred before the execution of the instrument sued upon. The ruling of the court upon its refusal to admit this evidence and in striking this plea from the files presents the question of the liability of the appellants upon this bond for any losses or defaults that occurred prior to its execution. This is the principal question in this case and presents for our determination the extent of the liability of appellants upon this bond. The language of the bond is that: "If the said Walter Worthen, * * * shall save and keep harmless the said Thomas John et al., and each and all of them from all loss and damage, and from the payment of any[...], of money on account of them or any of them being[...] eties upon the bond of Dan M. Bower." It is cla[...] by counsel for appellees, and so held by the tri[...] art, that this language made appellants liable, not [...] for any shortages that occurred after the making [...] e bond in question and while he was acting as depu[...] county clerk thereafter, but that it also made appe[...] ts liable for all shortages that occurred before t[...] execution of such bond as well. This bond taken as[...] whole was not an official bond or one required by st[...] te to be given. It was of a dual character, and so [...] as it undertook to indemnify the appellees agai[...] any loss or default of the county clerk, Dan M. Bo[...] c, was as to such appel-

lees merely sureties. In the construction of bonds of this character the courts have repeatedly held that: "A surety is not to be held beyond the precise terms of his contract. His liability is *strictissimi juris,* and cannot be extended by construction." *People v. Toomey,* 122 Ill. 315. "In such case the liability of the surety will not be extended by implication or construction beyond the precise terms of his undertaking, which is to be strictly construed." *Abrahams v. Jones,* 20 Ill. App. 86; *Waters v. Simpson,* 7 Ill. (2 Gilm.) 570; *Ovington v. Smith,* 78 Ill. 250.

Another rule to be observed in the construction of instruments of this character is that the bond will not be retroactive in effect, and does not cover past delinquencies, unless it in terms says that it is to have such effect, so that before an obligation of this character shall be construed as being retroactive it is not sufficient that the language implies a liability but the language must be such as to expressly include such liability in its terms. It is said in the case of *Bartlett v. Wheeler,* 195 Ill. 451: "As a general rule, 'sureties are only liable for the defaults of their principal during the term, for which their bond was given, and after it was given, unless it is retrospective in terms.' (2 Sutherland on Damages,—2d Ed.—sec. 480, and cases referred to in note 1). It is said in Brandt on Suretyship and Guaranty (2d Ed., vol. 2, sec. 526): 'As a general rule, the bond of a public officer has no retroactive effect, and does not cover past delinquencies, unless it in terms says that it is to have such effect.'" See also *Drake v. Sherman,* 179 Ill. 362. The situation of the parties to this agreement or bond at the time it was entered into was that Dan M. Bower was county clerk, was a blind man, and that Walter Worthen had been or was about to be appointed deputy county clerk to take charge of the business. Nothing was said to Worthen or any of his cosureties about incurring any liability for the past conduct of Bower, and no indica-

tions given of any desire upon the part of the appel-
lees to want indemnity for Bower's past conduct, ex-
cept such as is claimed is implied by the language of
the bond. If any one of the parties to the obligation
had any such an idea, as now claimed, it rested with
appellees only, and they were by concealment en-
deavoring to secure themselves against loss which
they knew had already occurred, but was not known to
the appellants. Under such circumstances they cer-
tainly are not entitled to any greater rights against
these appellees than the language of the bond by the
most strict construction would give them. It is said
by counsel for appellants that the words, "On account
of them or any of them being sureties upon the bond
of Dan M. Bower," are broad enough to cover not
only the liability that they were then incurring, or
would in the future incur by being sureties, but also
the liability that they had incurred by reason of *having
been* sureties for him. The language, "Shall save and
keep harmless appellees   *   *   *   on account of them
being sureties upon the bond of Dan M. Bower,"
should have the construction of saying, inasmuch as
you are now on the bond of Dan M. Bower we will
save and keep you harmless in the future, and in-
dicated, as we think, an undertaking of liability
against any defalcation that may occur in the future.
If it had been intended, without concealment, to secure
indemnity for retrospective defaults, then the natural
and probable language would have been to have saved
and kept appellees harmless on account of defaults
that may have heretofore occurred or shall hereafter
occur, or some such expression of this character to
indicate an intention to bind not only for the future
but for retrospective defaults as well. We think the
fair import of the language of the bond is that appel-
lees should be liable for transactions which should
occur in the future, after the bond was executed, and

nothing more.    This contention is well sustained by the case of *Drake v. Sherman,* 179 Ill. 362.

It is also urged as error the action of the court in excluding the testimony tending to show a release, or rather accord and satisfaction, to the appellees made by Bower, whereby it is claimed that for a valuable consideration the appellees released and discharged Bower from any further liability, so far as they were concerned, and assumed the liability themselves.    Evidence was offered tending to show such a state of affairs, and we think that this evidence should have gone to the jury under proper instructions, for if an agreement was entered into whereby the appellees discharged Bower, the effect of it would be to also discharge appellants, and we are of the opinion that the court erred in excluding this testimony from the jury.

It is also contended that the court erred in sustaining the demurrer to appellants' second additional plea. We agree with the court that this plea was not sufficient, that it was indefinite and uncertain in its terms and did not by proper averments set up a sale of the office or continuing the office by Worthen under a contract of sale.

Other errors have been assigned, but we do not deem it necessary to consider them, as enough has been said to express our views upon this case, and in another trial we think that the errors heretofore made can be avoided.    For the errors pointed out the judgment of the lower court will be reversed with directions to the trial court to set aside the order striking appellants' first additional plea from the files and proceed with the trial in accordance with the views herein expressed.

*Judgment reversed and cause remanded with directions.*