**Thomas McGinnis et al., for use of Walter H. McDonald, Appellees, v. Ruth McGinnis et al., on appeal of Hartford Accident & Indemnity Company, Appellant.**

## Gen. No. 27,096.

1. APPEAL AND ERROR—*enforceability of appeal bond where appeal dismissed for failure to perfect.* An appeal bond may be binding as a common-law obligation, though the appeal is not duly perfected, and for that reason may be dismissed.

2. APPEAL AND ERROR—*estoppel of obligors to contradict recitals*

*of appeal bond.* As a general rule the obligors in an appeal bond are estopped to deny the recitals of the bond.

3. APPEAL AND ERROR—*dismissal rather than disregarding defective appeal as affecting liability of obligors on bond.* The fact that an appellee chooses not to disregard a defective appeal, but resorts to recognized procedure for disposing of it, does not relieve the obligors of the appeal bond from the consequence of treating the acts taken as an appeal, if by so doing the appellant gets the benefit of the delay until the appeal is dismissed.

4. PRINCIPAL AND SURETY—*strict construction of undertaking of surety.* The undertaking of a surety is to be strictly construed and he cannot be held liable beyond the precise terms of his undertaking.

5. APPEAL AND ERROR—*extent of liability on appeal bond for interest.* A condition of an appeal bond that the appellant shall pay the judgment, costs, interest and damages rendered against her, in case of affirmance, by the use of the term "interest" manifestly refers to the interest on any money judgment that might be rendered against her, and such bond cannot be construed to render the obligors on the appeal bond liable for interest on money held in escrow as an incident of the suit or appeal.

6. APPEAL AND ERROR—*liability on appeal bond for damages.* A provision for the payment of damages resulting from an appeal, in an appeal bond, includes only such damages as are the natural and proximate result thereof.

Appeal from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed on condition of remittitur. Opinion filed May 23, 1922.

GEORGE W. BROWN, for appellant.

EDWARD H. MORRIS and JAMES B. CASHIN, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action brought upon an appeal bond executed by Ruth McGinnis, as principal, and appellant company as surety. The suit was dismissed as to Ruth McGinnis. The issues were found against defendant and the jury assessed plaintiffs' damages

at $564.25.   From the judgment therefor this appeal
was taken.

The appeal to this court from the decree in the suit
in which said appeal bond was filed was dismissed on
the motion of the appellees in said suit because the
bond was not approved by the court, as required by
the order granting the appeal.   In support of this
contention appellant urges that the allowance of an
appeal is conditional on filing an appeal bond in con-
formity with the order (Practice Act, sec. 92, Ca-
hill's Ill. St. ch. 110, ¶ 92), and that the judgment is
not arrested or superseded by merely granting an
appeal, but that the filing of the appeal bond and ap-
proval thereof are essential to stay or supersede the
judgment.   (*Branigan v. Rose,* 8 Ill. [3 Gilm.] 123;
*Holmes v. City of Chicago,* 205 Ill. 536.)   But it does
not follow because the appeal is not duly perfected—
and for that reason may be dismissed—that the
bond executed for the purpose of rendering it effica-
cious cannot be enforced.   It may be binding as a
common-law obligation (*George v. Bischoff,* 68 Ill.
236; *Courson v. Browning,* 78 Ill. 208; *Mix v. People,*
86 Ill. 329), and as a general rule the obligors in an
appeal bond are estopped to deny recitals of the bond.
(*Harding v. Kuessner,* 172 Ill. 125; *Meserve v. Clark,*
115 Ill. 580.)

The bond sued on recites that the appeal had been
prayed and allowed, and provides that it is to be void
if the appeal is prosecuted with effect, etc.   In the
*Meserve* case, *supra,* two defendants prayed an ap-
peal which was allowed "on their" filing their appeal
bond, etc.   One of them only executed the bond, with
Meserve as surety.   It was there urged that the ap-
peal, not being in conformity with the order of the
court allowing it, was not effective.   The court held
that it did not affect the rights of the appellee had
he seen proper to disregard it; that he might proceed
with the collection of his claim as if no appeal had

been attempted, or have appeared in the Supreme Court and had it dismissed on the ground that it was not taken by both defendants. Appellee in that case did so appear and had the appeal dismissed, but on another ground. The court, however, in upholding the validity of the bond as a voluntary contract and holding the maker was bound by its recitals, referred to the fact that the bond was executed for the express purpose of taking an appeal, that both parties treated the filing thereof as an appeal from the judgment, and that it was so treated and characterized in dismissing it. The court referred to the recitals therein—like those we have quoted from the bond in the case at bar—and said:

"The question is not whether the appeal was properly taken, for it is conceded it was not; but the question is, ought the appellant in a suit upon the bond be heard to say that no appeal was ever taken?"

The court held that the appellant was estopped from the recitals of the bond, and that it was enforceable and valid as a voluntary contract.

We think it must be so held here. We fail to see any reasonable distinction to be made in the application of the principle, as argued by appellant, between cases where the appellant obtained full benefit of his appeal by a hearing on the merits, and cases where the appeal was treated by appellee as a supersedeas until it was dismissed. The fact that an appellee chooses not to disregard a defective appeal, but resorts to the recognized procedure for disposing of it, manifestly should not relieve the obligor from the consequences of his position in treating it as an appeal if by so doing appellant gets the benefit of the delay until it is dismissed.

The judgment, however, with the exception of $8 for appearance fees, is made up entirely of interest on a certain sum not involved in the suit in which the appeal was prayed. Said suit was one in which Ruth

McGinnis on September 23, 1915, filed a bill of complaint against appellees, by which she sought to charge a leasehold interest in certain real estate with the payment of a judgment she had obtained against appellee, Thomas McGinnis, for $13,434.95 on March 8, 1915, and to set aside the transfer of the same from him to appellee Walter H. McDonald. The bill was dismissed for want of equity at complainant's costs. Before its dismissal, on November 3, 1915, McDonald sold the leasehold to one Albert Pick, and was to furnish him with a complete abstract of title or a guaranty policy of title from the Chicago Title & Trust Company. Pick refused to purchase, and said company declined to issue the guaranty policy of title, unless $15,000 of the purchase money was held in escrow by said company to protect it against any adverse decree that might be entered in said chancery suit. Having left or deposited such sum with said company for that purpose, McDonald claims that his loss of its use was in consequence of said appeal, and on that theory the judgment includes as damages interest on $15,000 at 5 per cent during the pendency of the appeal. We do not think the allowance of interest on the $15,000 comes either within the condition of the bond, or was a proximate result or consequence of the appeal. The condition of the bond is:

"Ruth McGinnis shall duly prosecute her said appeal with effect, and moreover pay to defendant, Walter H. McDonald, all costs and damages sustained by him by reason of the taking of this appeal, and pay the amount of the judgment, costs, interest and damages rendered, and to be rendered, against her in case the said decree and judgment shall be affirmed."

It is an established doctrine that the undertaking of a surety is to be strictly construed and he cannot be held liable beyond the precise terms of his undertaking. (*Ovington v. Smith,* 78 Ill. 250.) He cannot be charged beyond the condition of his obligation. There is no express provision or condition of the bond

that appellant shall pay interest on the money so deposited in escrow. The term "interest" as used therein cannot be so applied. It manifestly refers to the interest on any money judgment that might be finally rendered in the chancery suit. There is no such judgment except for costs.

The escrow was a mere incident and not a natural consequence of the suit or appeal. The provision for the payment of all damages resulting from the appeal includes only such damages as are the natural and proximate result thereof. (2 R. C. L. 270; 4 C. J. 1295.) This court held in *Schaefer v. American Bonding & Trust Co.*, 137 Ill. App. 168, that a bond conditioned to pay, among other things, "interest rendered and to be rendered" did not cover interest upon a sum of money held in escrow where none was awarded by either the trial or Appellate Court. In that case as in this there was no express condition in the bond to pay interest on the amount placed in escrow, and the court held that the intention of the parties must be determined as expressed in the bond, and the interpretation of the condition must be confined to the usual and ordinary meaning of the words used. The same principle was observed in *McWilliams v. Morgan*, 70 Ill. 62.

It not appearing from the language of the bond that interest on the money in escrow was within the contemplation of the parties at the time the bond was executed, and the loss of the use of the money in escrow not being a proximate result of the suit or appeal, appellant's liability thereon must be held limited to the costs incurred by appellees, namely, $8, and unless there is a remittitur of the rest of the judgment, namely, $556.25, within 10 days from the filing of this opinion, it will be reversed and the cause remanded. If such remittitur is made then a judgment will be entered here for $8 and costs.

*Reversed and remanded unless there is a remittitur.*
GRIDLEY, P. J., and MORRILL, J., concur.